## McINTYRE v. MOORE.

1. Where a promissory note is signed by one person and another signs upon the same the following entry: "I do hereby subject and make liable my individual and personal real and separate estate to the payment of the within note," the undertaking of the latter is that of surety only and not of joint principal.

2. In a suit upon a foreign judgment, it is proper to consider the entire record, and the judgment rendered should be construed in the light of the pleadings. Though the judgment be in its terms apparently a joint one, yet if the pleadings and the exhibits show that the liability is several only, the judgment will be construed so as to fix the liability according to the pleadings and exhibits.

3. It follows from the foregoing, that where two judgments were rendered in another State, one against one defendant only and the other against the defendant and his wife, the undertaking of the latter being of the character above described, a single suit against the husband upon both judgments could be maintained in this State without joining the wife; and this is true notwithstanding the fact that the judgment in the latter case, standing alone, unaided by other parts of the record, would be construed to be a joint judgment against the husband and wife.

Argued May 17, —Decided July 23, 1898.

Action on foreign judgment. Before Judge Reid. City court of Atlanta. November term, 1897.

Maddox & Terrell, for plaintiff in error.
Edward R. Austin, contra.

Совв, J. . A. C. Moore sued P. C. McIntyre in the city court of Atlanta, upon two judgments rendered against the defendant in the superior court of Buncombe county, North Carolina. Attached to the petition as exhibits were certified copies of the entire record in each case upon which judgments had been rendered. It appears that one judgment had been rendered against McIntyre upon a promissory note signed by him alone. The other judgment was rendered upon a promissory note of which the following is a copy: "$622.75. Asheville, N. C., Nov. 25, 1891. Forty days after date I owe and promise to pay to A. C. Moore, or order, six hundred and twenty-two dollars and seventy-five cents, for value received. [Signed] P. C. McIntyre." Immediately following the copy of the note in the record is the following: " I do hereby subject and make liable my indi-

vidual and personal real and separate estate to the payment of the within note. [Signed] Mary E. McIntyre." The judgment was entered in the following form: "It is, on motion of Thos. R. Ransom and H. B. Carter, attorneys for plaintiff, considered and adjudged that the plaintiff A. C. Moore have and recover of the defendants, P. C. McIntyre and Mary E. McIntyre, the sum of six hundred and twenty-two and 75-100 dollars, with six per cent. interest thereon from the fifth day of January, 1892, until paid, together with the costs of this action to be taxed by the clerk."

The defendant demurred to the petition upon various grounds, those relied on here being, in) substance, as follows: First, that the petition shows that the court has no jurisdiction; second, because Mary E. McIntyre is not a party and no reason is alleged why she could not be sued; third, the petition sets forth no cause of action.

1. The first matter which requires our consideration is to determine what relation Mary E. McIntyre bears to the note which was the foundation of the judgment rendered against her in North Carolina. Was her undertaking that of a principal or joint maker with her husband, or was it that of surety merely? In the present case, this question must be determined entirely from the paper itself. The code of this State declares that "The contract of suretyship is that whereby one obligates himself to pay the debt of another, in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor." Civil Code, § 2966. This is but a codification of the common law, which, in the absence of any allegation to the contrary in the petition, must be presumed to be the law of North Carolina. In the light of this definition of suretyship, we must determine from the paper contained in the record what was the intention of Mrs. McIntyre when she signed the instrument subjecting her separate estate to the payment of her husband's note. We have reached the conclusion that her undertaking was not that of principal but was that of surety only. The original paper not being before us, we can not see exactly where the statement signed by her was placed on the note. As it refers to "the within note," it is to be presumed

that it was indorsed upon the note.    The fact that it was upon the back of the note would not, however, be conclusive as to her relation to the paper, but only a circumstance to be considered, along with others, to determine what was her true relation to the instrument to which she thus made herself a party.    The undertaking of P. C. McIntyre seems to be individual and sole. The language of the note is "I owe and promise to pay."    The note as drawn does not contemplate any one other than McIntyre being primarily liable upon it.    The undertaking of Mrs. Mc- Intyre is not to pay the note—not to make herself personally liable for the amount of the note, but only to make whatever separate estate she may have subject to its payment.    If her separate estate be equal to or exceed the amount of the note, her undertaking would be, in effect, to discharge the obligation.    If her separate estate be less than the sum due on the note, her undertaking would be limited by the amount of her separate es- tate.    She has not undertaken or promised to pay any part of the debt as a personal obligation upon herself.    She has simply pledged whatever property she has to its payment, and when that property is exhausted her obligation is at an end, whether the debt be discharged or not.    The nature of her obligation, "to subject her separate estate to the payment of the within note," is not to pay the debt owing by McIntyre, but it is to secure the payment of the note which is the evidence of McIn- tyre's indebtedness.    For these reasons we have, as stated, reached the conclusion that her liability was not that of a joint principal with her husband.    If it had been the intention of the payee of the note to obtain an obligation from Mrs. McIntyre which would make her a joint principal with her husband, or if it had been her intention to undertake such an obligation, how easy it would have been for her to sign the note in such a way as that there could be no question about it.    Having signed it in such a manner that it does not expressly appear that her undertaking was an original one, and everything in the note and in the paper signed by her being more consistent with the idea of suretyship than that of principal debtor, it is proper that the papers should be construed to fix the relation of the parties as that of principal and surety.

2, 3.   It was contended by the plaintiff in error, that a court in this State should not go behind the judgment rendered in North Carolina, which, in effect, made Mrs. McIntyre and her husband jointly liable on the judgment.   If we look at the judgment alone and close our eyes to the other parts of the record in the case, we would have to reach the conclusion that the two defendants named were joint debtors.   The judgment does not, in terms, declare this to be true, but being rendered against the two together, in the absence of anything in the record to the contrary, it would be held to be a joint-judgment; but in determining what this judgment means we must look to the record, and unless it appear from the record that the question of the relationship to the paper sued on, which is embodied in the record, has been expressly adjudicated by the foreign court, it is proper for the court here to construe the judgment in the light of the pleadings and exhibits which form a part of the record.   Having reached the conclusion that the undertaking of McIntyre and his wife was that of principal and surety only, and there being nothing in the judgment declaring that this question has been passed on or adjudicated, in terms, by the court of North Carolina, construing the record as a whole, it is the duty of the courts here to fix the relation of the parties to the paper according to what appears in the pleadings and exhibits, and not according to the formal part of the judgment which concludes the record.   Freeman, Judg. § 50 (a); Black, Judg. § 116.   There is nothing in this case which conflicts with the ruling made in the case of *Powell v. Davis,* 60 *Ga.* 70.   In that case it was held that " a judgment obtained in the State of Tennessee against two, as joint defendants, makes against them a joint debt, and is conclusive as to the joint liability to the plaintiff; in a suit, therefore, in this State, on such a judgment, between plaintiff and defendants, parol testimony can not be introduced to contradict the verity of the record.   It must stand, as between them, until reversed or set aside."   In that case it appears that the judgment was obtained against two persons on an undertaking joint in its nature, and it was held that parol evidence was not admissible to show that the relation of the parties to the judgment and the paper which was the foundation of the

judgment was different from that indicated in the record.    In the case now before us, we are determining the whole question by an inspection of the record itself; and the ruling in the present case is simply that the mere formal judgment, apparently fixing the relation of the parties to each other, will not be allowed to control, when an inspection of the entire record, without the aid of any other evidence whatever, parol or otherwise, shows that the relation is in reality entirely different, it not appearing, as has been stated above, that this question had been directly passed upon by the court rendering the judgment.    The undertaking of Mrs. McIntyre being that of surety only, it was competent for the plaintiff to bring suit upon a foreign judgment against McIntyre without joining his wife, and therefore it was allowable to join in the same suit a cause of action upon another judgment which was rendered against McIntyre alone. The court did not err in overruling the demurrer.

*Judgment affirmed.    All the Justices concurring.*