CHARLES G. ENGSTRAND v. JOHN KLEFFMAN and Another.[1]

June 13, 1902.

Nos. 13,001—(92).

**Judgment—Joint Defendants—Want of Jurisdiction.**

At common law a judgment in an action ex delicto against several defendants, jointly and severally liable at the election of plaintiff, though void as to one of the defendants for want of jurisdiction, is not necessarily, because so void as to one, void as to the other defendants.

**Common Law—Presumption.**

In the absence of pleading or proof to the contrary, the common law is presumed to be the same in the several states.

Action in the district court for St. Louis county against defendants, John Kleffman and Edward Kleffman, to recover $1,062.75 upon a foreign joint judgment. The case was tried before Dibell, J., who made findings of fact and as conclusion of law found that plaintiff was entitled to judgment against defendant Edward Kleffman for the sum demanded. From an order denying a motion for a new trial, defendant Edward Kleffman appealed. Affirmed.

*John H. Norton* and *W. H. Smallwood,* for appellant.

*John J. Skuse* and *H. G. Gearhart,* for respondent.

BROWN, J.

Action to recover upon a foreign judgment. Plaintiff had judgment in the court below, and defendant Edward Kleffman appealed from an order denying a new trial.

The facts are as follows: Heretofore plaintiff brought an action

against defendants in the circuit court of the state of Wisconsin to recover damages for an alleged fraud committed by them in a transaction had between the parties which resulted in a sale of certain real property to plaintiff, which defendants falsely represented they owned. The summons therein was served upon this appellant, but not upon his codefendant. Appellant appeared and answered, and proceedings in the action resulted in a judgment for plaintiff against both defendants for the sum of about $1,000. The defendant not served with summons made no appearance whatever, nor was he represented in that court on the trial of the action. Subsequently this action was brought in this state to recover upon the judgment, and the summons was served upon both defendants. They both appeared in the action, and defendant John Kleffman, who was not served with summons in the Wisconsin action, answered, setting up the want of service, that he did not appear in that action, and that the Wisconsin court had no jurisdiction to render the judgment against him. The trial court found this defense to be true, and ordered judgment in his favor, but against appellant, who was served with summons in the Wisconsin action.

It is contended on the part of appellant that the judgment sued upon, being void as to one of the defendants, was void as to both, and that the court below erred in ordering judgment against him. This is practically the only question in the case, and, as the statutes of the state of Wisconsin on the subject are not shown, we are guided in its determination by the rules of the common law, which, in the absence of proof to the contrary, is presumed to be the same in the several states. Crandall v. Great Northern Ry. Co., 83 Minn. 190, 86 N. W. 10.

Many authorities are found in the books bearing upon the question, but they are not uniform or harmonious, at least as respects actions founded upon contract liability. Some cases hold that in an action upon a joint, or a joint and several, liability, a judgment given against all the defendants, if void as to one of them, either for want of jurisdiction or other cause, is void as to all. Other cases hold to that rule only in actions founded on a joint liability, and still others hold that such a judgment is not void

where the cause of action was joint and several. 1 Black, Judg. §§ 210, 211. But the cases referred to were all in actions ex contractu, and whatever may be the correct rule as to judgments in actions of that sort,—whether upon joint or joint and several liability,—the principles there announced can have no controlling application in actions ex delicto. The latter are, according to the rules of the common law, joint and several, and a judgment against one of several wrongdoers is not a bar to an action against others; and, so far as we have been able to discover, the rule that a judgment on a joint contract obligation, if void as to one of the several defendants jointly liable, is void as to all, has never been applied to actions of that kind. 11 Enc. Pl. & Pr. 852; Elliot v. Porter, 5 Dana, 299; Sessions v. Johnson, 95 U. S. 347; Fleming v. McDonald, 50 Ind. 278; Preston v. Hutchinson, 29 Vt. 144; Kirkwood v. Miller (5 Sneed, 455) 73 Am. Dec. 134, and note.

The reasoning of the cases holding such a judgment void in actions ex contractu, where there is a joint liability, is not only that the cause of action is merged in the judgment, but the parties liable thereon have the right of contribution, which right the plaintiff is bound to respect, and is not permitted to take any action or step that would deprive any of the defendants of the benefits to accrue therefrom. If one defendant thus jointly liable is compelled to pay the entire judgment, he has recourse against his codefendants for reimbursement; and, if the judgment be void as to any such defendant, the defendant thus compelled to pay the whole debt is deprived of that remedy, for nothing remains upon which to base proceedings to enforce it; the cause of action being merged in the judgment, which is, in turn, cancelled and discharged by payment. But this reasoning, conceding its soundness to the full extent, can have no application in actions in tort, where the liability of the wrongdoers is joint and several, at the election of plaintiff, and the entry of judgment against any one of the wrongdoers does not extinguish the cause of action, except as to the defendant against whom rendered; nor, in cases like that at bar, where the wrong complained of was intentional, is there any right of contribution,—at least none which the injured party is under any duty or obligation to respect,—as there is in

cases where there is a joint, or joint and several, contract liability. The law on this subject is stated in 2 Black, Judg. § 777, and 11 Enc. Pl. & Pr. 852, where many of the authorities are collected and discussed; and, as to actions founded on contract liability, 1 Black, Judg. §§ 210, 211. See also 7 Am. & Eng. Enc. 364; Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320.

That the cause of action on which the judgment in question was rendered was one sounding in tort, there is no question. The action was, as we have already suggested, one to recover damages for the fraud of defendants in the matter of the sale of certain real property. While this does not appear upon the face of the judgment, it does appear from the complaint in that action, and to that the court may look in determining the nature of the action. McIntyre v. Moore, 105 Ga. 112, 31 S. E. 144.

It is urged by appellant that, because the complaint in the Wisconsin action did not allege that defendants knew that their representations were false, it must be assumed that the action was for the breach of a warranty of title, and not for fraud. A reading of the complaint does not sustain this contention. The complaint alleges that defendants, "for the purpose of inducing plaintiffs to purchase" certain lands, "and for the purpose of deceiving and defrauding them, falsely and fraudulently represented to said plaintiffs, * * * and said representations * * * were entirely false and untrue." This sufficiently alleges the scienter,—the intent to deceive and defraud.

The further point is made that the complaint contains no allegation that a judgment void as to one of the defendants is valid under the laws of the state of Wisconsin. In determining whether it is valid, we are controlled by the common-law rule already referred to. By that, such judgment is valid and binding against the defendant served with process, even though it may be void as to a codefendant not served. In addition to this, it was conceded on the trial that the circuit court of Wisconsin, in which the judgment in question was rendered, was a court of general jurisdiction. The validity of the judgment must therefore be presumed.

Order affirmed.