*Harris & Ennis,* contra.

---

### 15685.   HILLMAN *v.* FARMERS STATE BANK *et al.*

Whether the defendant, Mrs. Hillman, was liable as an original promisor, or was merely a surety on the notes sued on, depended upon her intention, as understood by the other parties to the transaction, at the time she placed her name on the back of the notes. If she then intended to indorse them as surety only, and if that intention was known to the other parties, she, being a married woman, would not be liable on the notes.

The court erred in sustaining the general demurrer to her plea, in which she set up non-liability for this reason; and the further proceedings in the case were nugatory.

DECIDED AUGUST 8, 1924.  REHEARING DENIED SEPTEMBER 30, 1924.

Complaint; from Stewart superior court—Judge Littlejohn. April 22, 1924.

Application for certiorari was made to the Supreme Court.

The Farmers State Bank brought suit on certain promissory notes signed by the Bank of Lumpkin. On the backs of the notes were written the names of the directors of the Bank of Lumpkin, and these directors were also stockholders of the bank. One of these directors who indorsed the notes was Mrs. Hillman, the plaintiff in error. A joint suit was brought against the Bank of Lumpkin and the directors of the bank whose names were placed on the backs of the notes. The petition, however, failed to allege

whether these directors were liable as joint principals with the Bank of Lumpkin, or as sureties, or as guarantors. Attached to the petition were copies of certain resolutions of the Bank of Lumpkin, passed through its board of directors and its stockholders. These resolutions were agreed to and signed by both banks in question, and show that the Farmers State Bank was to make a loan to the Bank of Lumpkin and to take charge of the Bank of Lumpkin and to pay off its debts with the proceeds of the loan, and to liquidate its affairs. In the resolutions it was further provided that, as evidences of the loan, nineteen promissory notes were to be executed in the corporate name of the Bank of Lumpkin, the notes to be secured by proper pledges of all the assets of that bank, including choses in action, and also *by the personal indorsement of the individual members of its board of directors.* This last portion of the resolutions, in our opinion, tended to show that it was the understanding of all the parties to the transaction that the directors of the Bank of Lumpkin were to indorse the notes as sureties or as guarantors, and not as original promisors. It appeared, however, from the petition and its exhibits, that the Bank of Lumpkin and its directors and stockholders had been benefited by the acceptance of the loan from the plaintiff bank. And other portions of the resolutions tended to show that it was the understanding between the parties that the directors of the Bank of Lumpkin were to sign the notes as joint principals with that bank.

Mrs. Hillman, the plaintiff in error, filed a plea setting up that when she indorsed the notes she was a married woman, living with her husband, and that she indorsed the notes as a surety only, and therefore was not liable. The court struck the plea on general demurrer, and Mrs. Hillman excepted. Thereafter, upon the introduction of the notes sued upon and proof as to the service of the notice as to attorney's fees, the court directed a verdict in favor of the plaintiff for the full amount sued for, and entered up judgment thereon, and Mrs. Hillman again excepted.

*G. Y. Harrell,* for plaintiff in error.

*Wallis & Fort, R. S. Wimberly, Smith, Hammond & Smith,* contra.

BROYLES, C. J. (After stating the foregoing facts.) We think the court erred in sustaining the general demurrer to Mrs. Hill-

man's plea. Under the pleadings and the attached resolutions the question as to whether Mrs. Hillman was liable as an original promisor, or was merely a surety, depended upon her real intention as understood by the other parties to the transaction at the time she signed the notes. If at the time she placed her name on the backs of the notes she intended to indorse them as a surety only, and if that intention was known to the other parties to the transaction, she, being a married woman, would not be liable on the notes. This question should have been submitted to the jury, under appropriate instructions. See, in this connection, *Atkinson* v. *Bennet,* 103 *Ga.* 508 (30 S. E. 599) ; *McIntyre* v. *Moore,* 105 *Ga.* 112 (1), 114 (31 S. E. 144). The decision in *Brooke* v. *Rutland,* 15 *Ga. App.* 26 (82 S. E. 580), cited and relied on by counsel for the defendant in error, is distinguished by its particular facts from this case. The error in striking the plea rendered the further proceedings in the case nugatory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*