UNDERWRITERS AT LLOYDS OF MINNEAPOLIS v.
MERRILL E. SMITH.[1]

March 19, 1926.

No. 25,115.

**Exception to rule that courts will not enforce contributions from wrongdoers.**
    1. The rule that courts will not enforce contributions between wrongdoers is subject to many exceptions.

[1]Reported in 208 N. W. 13.

And one joint wrongdoer may enforce contribution from the others.

2. Where the ground of liability is simply the negligence of each while engaged in lawful undertakings, the one who has been compelled to respond in damages therefor may enforce contribution from the others.

Contribution, 13 C. J. p. 829 n. 11; p. 830 n. 30.

Appeal by the plaintiff from an order of the municipal court of Minneapolis, Fosseen, J., sustaining a demurrer to the complaint in an action to recover contribution from the defendant, alleged to be a joint tort feasor with one Dahlquist in causing a personal injury to one Stewart, the plaintiff being an insurer of Dahlquist and having paid the judgment recovered by Stewart against Dahlquist for the injury. Reversed.

Snyder, Gale & Richards, for appellant.

Cobb, Wheelwright, Hoke & Benson, for respondents.

TAYLOR, C.

This is an appeal from an order of the municipal court of the city of Minneapolis sustaining a demurrer to the complaint on the ground that the facts stated do not constitute a cause of action. ·

It appears from the complaint that plaintiff had insured E. O. Dahlquist against liability for injuries resulting from the operation of a truck owned by him; that a collision occurred between this truck and defendant's automobile in which one Stewart, a passenger in defendant's automobile, was injured; that Stewart recovered a judgment of $1,295.70 against Dahlquist for such injuries which judgment plaintiff, as insurer of Dahlquist, had paid; that the accident happened in consequence of the concurring negligence of Dahlquist and defendant; and that plaintiff had become subrogated to all the rights of Dahlquist against defendant. Plaintiff asserts that defendant as a joint tort-feasor is liable to Dahlquist for one-half the amount he was compelled to pay Stewart and asks judgment therefor.

The question presented is whether the general rule that one of several joint tort-feasors who has been compelled to pay damages

for the wrong committed cannot enforce contribution from the other tort-feasors, applies where the liability results in consequence of the joint or concurring negligence of each while engaged in lawful undertakings.

It is the general rule that there is no right of contribution between wrongdoers, and that the fact that one wrongdoer has been compelled to respond in damages for the wrong gives him no claim against other wrongdoers which the courts will recognize or enforce. 6 R. C. L. 1054, et seq. 13 C. J. 828; Union Stock Yards Co. v. C. B. & Q. R. Co. 196 U. S. 217, 25 Sup. Ct. 226, 49 L. ed. 453, and annotation to this case in 2 Ann. Cas. 528; Tacoma v. Bonnell, 65 Wash. 505, 118 Pac. 642, 36 L. R. A. (N. S.) 582, and annotation to this case in Ann. Cas. 1913B, 938. There are many exceptions to this rule however and this court in Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320, said that it does not apply where the ground of liability is simply negligence on the part of each in carrying on some lawful business, but only where the person seeking contribution must be presumed to have known that he was doing an illegal act. This doctrine was reiterated in slightly varying language in Mayberry v. N. P. Ry. Co. 100 Minn. 79, 110 N. W. 356, 12 L. R. A. (N. S.) 675, 10 Ann. Cas. 754. It was also recognized in Fortmeyer v. Nat. Biscuit Co. 116 Minn. 158, 133 N. W. 461, 37 L. R. A. (N. S.) 569.

It may be that the majority of courts apply the general rule where the ground of liability is negligence only. 13 C. J. 830. But the rule recognized by this court as governing such cases is well supported by authority. In Ellis v. C. & N. W. Ry. Co. 167 Wis. 392, 167 N. W. 1048, the Wisconsin court reviewed the authorities exhaustively, beginning with the English cases where the rule originated, and reached the conclusion that:

"Where the element of moral turpitude is not involved and there is no wilful or conscious wrong between the parties against whom a judgment in a tort action is recovered, there may be contribution between the tort-feasors."

Referring to Union Stock Yards Co. v. C. B. & Q. R. Co. supra, in which the opposite view was adopted the court said:

"We are not inclined to follow it, since we believe the doctrine stated in the decisions heretofore cited is the more equitable and just doctrine, and well supported by authority from the English cases down."

That case grew out of a collision at a railway crossing caused by the negligence of both the railway company and a traction company. In Mitchell v. Raymond, 181 Wis. 591, 195 N. W. 855, the Wisconsin court applied the doctrine of the Ellis case to a state of facts almost identical with the facts of the instant case. Two automobiles collided. Both drivers were negligent. A passenger in one recovered a judgment against the driver of the other. It was held that this driver was entitled to contribution from the driver of the car in which the passenger was riding. Among the other cases supporting this doctrine are: Hobbs v. Hurley, 117 Me. 449, 104 Atl. 815; Furbeck v. I. Gevurtz & Son, 72 Ore. 12, 143 Pac. 654, 922; Acheson v. Miller, 2 Oh. St. 203, 59 Am. Dec. 663; Bailey v. Bussing, 28 Conn. 453; Jacobs v. Pollard, 10 Cush. (Mass.) 287, 57 Am. Dec. 105; Nickerson v. Wheeler, 118 Mass. 295; Armstrong County v. Clarion County, 66 Pa. St. 218, 5 Am. Rep. 368; Johnson v. Torpy, 35 Neb. 604, 53 N. W. 575, 37 Am. St. 447; First Nat. Bank v. Avery Planter Co. 69 Neb. 329, 95 N. W. 622.

We adhere to the rule stated in the Ankeny and Mayberry cases deeming it the more just and equitable rule and the order appealed from is reversed.