FIDELITY & CASUALTY COMPANY OF NEW YORK v. NATHANIEL CHRISTENSON.[1]

April 2, 1931.

No. 28,343.

[1]Reported in 236 N. W. 618.

*Merriam & Wright,* for appellant.
*Briggs, Weyl & Briggs,* for respondent.

HILTON, J.

Defendant appeals from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

At six o'clock p. m. on February 24, 1927, one Sechter parked his automobile truck in a business section of St. Paul on the north side of University avenue. In violation of a statute the red tail light on the truck was not lighted; Sechter intentionally left it in that condition. The avenue was well lighted on both sides by electric street lamps standing about 15 feet high and about 117 feet apart, each located about one foot from the curb. There were other automobiles parked in the same block ahead and behind Sechter's truck.

About eight o'clock that evening defendant, Christenson, was proceeding westward on the avenue in a Ford roadster. With him were two women, one sitting on the lap of the other. His car was inclosed by curtains with windows therein and had the usual windshield in front. He was driving about 20 miles an hour. A small bolt, to which the auto top was fastened, protruded from the body of the Ford just behind the door. The bolt struck the left rear portion of the truck platform. The force of the collision pulled the top off the Ford and broke the windshield. The car was otherwise damaged. One of the women was thrown to the pavement and sustained serious injuries.

The injured woman brought an action in the district court of Ramsey county against Sechter, who at the time of the accident was insured by the plaintiff herein. Plaintiff defended in that action and subsequently paid a judgment in the sum of $3,330.08. This action was brought by plaintiff, which had been subrogated to Sechter's rights, to recover contribution to the extent of one-half of the amount so paid. At the first trial there was a verdict for defendant. A new trial was granted. On such new trial defendant's motion at the close of the evidence for a directed verdict was denied; plaintiff had a verdict for $1,655.04.

For the purposes of this case there is no question as to Sechter's negligence. The jury rightly concluded from the evidence that the defendant was guilty of negligence. He had not however violated a statute. The determinative question here involved is as to whether under the facts stated plaintiff, as a successor in interest to Sechter, was entitled to contribution from defendant.

■ It is the general rule, as stated in Underwriters at Lloyds v. Smith, 166 Minn. 388, 390, 208 N. W. 13, 14, that "there is no right of contribution between wrongdoers, and that the fact that one wrongdoer has been compelled to respond in damages for the wrong gives him no claim against other wrongdoers which the courts will recognize or enforce."

This general rule however has been modified in many jurisdictions. 13 C. J. p. 830, and cases cited in note 19. A modified rule was adopted by this court in Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320, and has since been followed. In that case the court said [37 Minn. 110] that the general rule is applicable "only where the person seeking the contribution was guilty of an intentional wrong, or, at least, where he must be presumed to have known that he was doing an illegal act." Contribution was there permitted because the party seeking contribution had not been guilty of an intentional wrong or bad faith, or of any illegal act, and had been guilty of mere negligence.

In Engstrand v. Kleffman, 86 Minn. 403, 90 N. W. 1054, 91 A. S. R. 359, it is held that there is no right of contribution where the wrong complained of was intentional.

In Mayberry v. N. P. Ry. Co. 100 Minn. 79, 110 N. W. 356, 12 L.R.A.(N.S.) 675, 10 Ann. Cas. 754, it is stated that the general rule does not apply to torts which are the result of mere negligence.

In the well considered case of Underwriters at Lloyds v. Smith, 166 Minn. 388, 389, 208 N. W. 13, the syllabus reads:

"Where the ground of liability is simply the negligence of each while engaged in lawful undertakings, the one who has been compelled to respond in damages therefor may enforce contribution from the others."

The opinion cites and states the substance of the holding in Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320, and concludes by saying that the rule there stated is adhered to.

The modified rule has been stated in various terms by different courts and text writers. The text writer in 13 C. J. p. 830, § 21, states:

"The rule that wrongdoers cannot have redress or contribution against each other is confined to cases where the person seeking redress must be presumed to have known that he was doing a wrongful act, or where the wrong committed was in itself illegal."

1 Cooley, Torts (3 ed.) p. 258, states:

"An attempt has been made in some cases to lay down a general rule by which it may be determined in every case whether the party is or is not entitled to contribution. Thus, in Ohio, the judicial conclusion is, that 'the common sense rule and the legal rule are the same, namely, that when parties think they are doing a legal and proper act, contribution will be had; but when the parties are conscious of doing a wrong, courts will not interfere.'" Citing Acheson v. Miller, 2 Ohio St. 203, 59 Am. D. 663.

The author continues [p. 258]:

"This statement is a little inaccurate, in that it denies redress in the cases only in which parties are conscious of wrongdoing. There are many cases in which the absence of consciousness of wrong could not excuse a man either in law or morals. An English case

states the rule more concisely as follows: 'The rule that the wrong-doers cannot have redress or contribution against each other is confined to cases where the person seeking redress must be presumed to have known that he was doing an unlawful act.' " Citing Adamson v. Jarvis, 4 Bing. 66. "If he knew the act was illegal, or if the circumstances were such as to render ignorance of the illegality inexcusable, then he will be left by the law where his wrongful action has placed him."

In Ellis v. C. & N. W. Ry. Co. 167 Wis. 392, 408, 167 N. W. 1048, 1053, the rule is stated that, "where the element of moral turpitude is not involved and there is no wilful or conscious wrong between the parties against whom a judgment in tort is recovered, there may be contribution between tortfeasors."

The effect of these decisions is that in negligence cases one seeking contribution from another joint tortfeasor is not barred from recovery by the fact that he was guilty of ordinary negligence in the matter; but if his negligence amounted to an intentional wrong, or if he knew or is presumed to have known that he was doing an unlawful act which constituted the negligence for which he was held liable, then he is not entitled to contribution. In some cases from other courts the language used would indicate that to bar recovery the party seeking contribution must have been guilty of a wilful or conscious wrong or an act evincing moral turpitude. But the terms are generally used disjunctively, meaning one or the other.

Attention has been called to no case holding that where the act was a wilful or conscious wrong or a known violation of law it was further necessary to prove that it showed or constituted moral turpitude. Moral turpitude has reference largely to moral character and state of mind and is difficult to prove. A known and intentional violation of a statute, especially in automobile cases, may or may not show moral turpitude. If we should say that in order to bar contribution in a case of this kind moral turpitude must be shown, very little would be left of any rule barring contribution. We think the better rule is stated by Justice Mitchell in Ankeny v.

Moffett, 37 Minn. 109, 33 N. W. 320, and since followed in this state, that where the one seeking contribution was guilty of an intentional wrongful act or knowingly committed an illegal act he should be denied contribution. And the term "illegal act" is here used in the sense of a violation of statutory law as distinguished from common law negligence.

Coming then to the facts in this case, it appears to be undisputed that the negligence of Sechter, in whose shoes the plaintiff stands, consisted of his parking his truck on a public street in the nighttime, knowing that there was no rear or tail light burning thereon. There was a violation of statute. G. S. 1923, § 2705; 1 Mason, 1927, § 2720-54. This was an illegal act and a conscious and intentional wrong on his part, and contribution on his behalf cannot be sustained.

The court erred in instructing the jury in effect that before contribution should be denied it must appear that Sechter's negligence consisted of a wilful and wrongful act amounting to moral turpitude. But that aside, on the record before us defendant was entitled to a directed verdict and to judgment notwithstanding the verdict.

Respondent states that in the case of Underwriters at Lloyds v. Smith, 166 Minn. 388, 208 N. W. 13, the person on whose behalf contribution was sought was held negligent because of his violation of a traffic law. But the case was here on demurrer to the complaint, and in the complaint only common law negligence or negligence in general terms was charged. Our opinion in that case makes no reference to any negligence except ordinary negligence. No reference is made to any statute or traffic law.

Perhaps there may be some confusion as to the difference between an intention to inflict injury on a particular person or persons and a known or intentional violation of a statute intended for the protection of a class of persons. Where there is a known and intentional violation of statute, and one for whose protection the statute was enacted is injured thereby, the violation of the statute is a known and intentional wrong. There is rarely in these cases an

intent to injure any particular person. Such intention is not necessary.

The defendant, Christenson, was not charged with anything other than common law or ordinary negligence. He violated no statute. What the result would be if defendant had also been guilty of a violation of statute, constituting an intentional wrong, need not here be considered.

The order appealed from is reversed and judgment will be entered for defendant.

Reversed.

