## JEUB v. B/G FOODS, Inc.

## STACK v. SAME (three cases).

## MACK v. SAME.

## WATSON v. SAME.

Nos. 577–582 Civil.

District Court, D. Minnesota, Fourth Division.

Jan. 8, 1942.

Nathan A. Cobb and Frank Janes (of Hoke, Cobb & Janes), all of Minneapolis, Minn., for Swift & Co., in support of said motion.

William E. G. Watson and T. O. Kachelmacher, both of Minneapolis, Minn., for plaintiffs.

Paul J. McGough and Wright W. Brooks, both of Minneapolis, Minn., for B/G Foods, Inc.

NORDBYE, District Judge.

The facts are briefly these: The complainants seek to recover damages from the defendant, B/G Foods, Inc., on the grounds that, in one of the restaurants operated by this defendant, they were served with certain ham which was contaminated, unwholesome, and deleterious to the health, causing complainants to become sick and distressed to their damage. Certain Minnesota statutes are pleaded which make it unlawful for anyone to sell unwholesome, poisonous or deleterious food. Violation of such statutes is alleged. Prior to the service of the answer, on application of the defendant, an ex parte order was obtained, making Swift and Company a third-party defendant. The third-party complaint set forth that the ham served was canned "Swift Premium Ham", a product of Swift and Company, and purchased in a sealed can by B/G Foods the day preceding the serving of the ham to the complainants. It is asserted that B/G Foods was entirely free from any blame or negligence in connection therewith. It is further alleged in the third-party complaint that "if any of said ham was unwholesome, poisonous, deleterious or otherwise in any way unfit for human consumption, such condition was caused solely and entirely by negligence and carelessness and unlawful conduct on the part of Swift and Company." Further, that "Swift and Company is liable to indemnify and reimburse B/G Foods, Inc., for the whole amount of any recovery made by plaintiff, * * * against B/G Foods, Inc., on account of said ham being served to her in its food shop. * * *" Judgment is prayed that any recovery be against Swift and Company and not B/G Foods, Inc., and that B/G Foods, Inc., have judgment against Swift and Company for any and all sums which may be adjudged against B/G Foods, Inc., in favor of the plaintiff.

The motion to vacate the order is based on the showing that plaintiffs have not amended, and have refused to amend, their complaints to state any cause of action against Swift and Company. It is therefore the position of the third-party defendant that no relief can be granted against it in this proceeding; that Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is merely procedural and does not create any substantive rights; that no right of contribution or indemnity exists under the Minnesota law merely because a suit has been commenced; and that the party must have suffered some loss or paid more than his share of the loss before any rights will inure. It is pointed out that, as yet, the B/G Foods has suffered no loss and has made no payment growing ⸱out of the incident in question.

▮▮ That the rights over and against Swift and Company, which B/G Foods may have by reason of any loss sustained by it, must be governed by the substantive laws of this State is entirely clear. The invoking of the third-party procedural practice must not do violence to the substantive rights of the parties. However, an acceleration or an expedition of the presentation of such rights does not conflict with any Minnesota law. Rule 14 of the Federal Rules of Civil Procedure permits the impleader of a party "who is or may be liable." The fact that an independent action for money recovery could not be brought at this time does not militate against B/G Foods' right to invoke a procedure which will determine rights of the parties concurrently with that of the basic proceeding, and if and when any loss has been sustained as to which Swift and Company is liable over, the laws of this State in regard thereto may be made effective. That Rule 14 is not restricted to the rights of indemnity or contribution which are presently enforcible, is sustained by Burris v. American Chicle Co., 2 Cir., 1941, 120 F.2d 218, and People of Illinois v. Maryland Casualty Co. (Bowen), D.C., 2 F.R.D. 241.

In the Burris case, a third party was impleaded on the theory that it was bound to indemnify the defendant. Plaintiff recovered a verdict against defendant, judgment was entered against defendant, and judgment was entered in favor of the defendant against the third-party defendant. On appeal, the court said (120 F.2d at page 222): "The liability of the Ashland Company to indemnify the Chicle Company rests upon the fact that Ashland undertook to clean the windows from the outside and by failing to comply with the statutory requirements governing the performance of the work was itself the wrongdoer. It is immaterial that there was no express provision for indemnity in the contract between these parties." And at page 223 of 120 F.2d: "Being only liable, however, as an indemnitor, Ashland's responsibility to Chicle is to compensate it for the loss sustained. That loss will not be suffered until Chicle satisfies the plaintiff's judgment and only then will indemnity be due. * * * The Chicle's judgment against Ashland should be entered but execution stayed until plaintiff's judgment against Chicle is paid."

In People v. Maryland Casualty Co. (Bowen), supra, the third-party defendant moved to dismiss the complaints and third-party complaints on the ground that, since he was under a duty to indemnify the defendant against loss and no loss had been incurred as yet, the action was premature. In denying the motion, the court said:

"2. Rule 14 * * * reads, in part, as follows:

'* * * a defendant may move * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is *or may be* liable to him or to the plaintiff for all or part of the plaintiff's claim against him. * * *'

"This rule, and particularly the words 'or may be' italicized above, indicate that the third-party complaint is not prematurely brought. The court is of the opinion that the second point is not well taken."

▮ Reference is made to the rule that contribution will not be allowed where the person seeking it has been guilty of an intentional wrong, or where he is presumed to have known that he was doing an illegal act. Fidelity & Casualty Co. v. Christenson, 183 Minn. 182, 236 N.W. 618. Certainly, the Court should not, on this showing, indulge in any such presumption. If the position of B/G Foods, Inc., is sustained, its only act of negligence, if any, would be a technical violation of the Pure Food Statutes of this State, which, while it may create liability as between it and its patrons, can hardly be characterized as an intentional wrong

or knowingly doing an illegal act. See, Burris v. American Chicle Co., supra. Furthermore, the fact that B/G Foods, Inc., asserts a cause of action against Swift and Company on a theory different from that of the plaintiffs against B/G Foods, Inc., is immaterial. See, Kravas v. Great Atlantic & Pacific Tea Co., D.C.Pa.1939, 28 F.Supp. 66; Saunders v. Goldstein, D. C.D.C.1939, 30 F.Supp. 150.

Reference is made to the question of insurance covering B/G Foods, Inc., but it seems clear that, in so far as the disposition of this motion is concerned, that question is immaterial.

The apparent purpose of Rule 14 is to provide suitable machinery whereby the rights of all parties may be determined in one proceeding. Manifestly, if Swift and Company is liable over to B/G Foods, Inc., for any or all damages sustained by reason of the tortious act alleged, no cogent reason is suggested why the original defendant should not avail itself of this rule. Otherwise, B/G Foods, Inc., would be required to await the outcome of the present suit, and then if plaintiffs recover, to institute an independent action for contribution or indemnity. The rule under consideration was promulgated to avoid this very circuity of proceeding. Neither is any good reason suggested why the determination of the entire controversy in one proceeding will prejudice the rights of any of the parties. Certainly, plaintiffs cannot complain. They have not availed themselves of the opportunity to join Swift and Company as a party defendant. To require the same jury to determine the controversy between the third-party plaintiff and third-party defendant will not harm or jeopardize their rights or position before these triers of fact. The rights of Swift and Company are likewise not prejudiced by being made a third-party defendant. If it is liable over, it is concerned with the payment by B/G Foods, Inc., of any loss or damage obtained by these plaintiffs. However, the recognition or preservation of that right presents no particular difficulty. Any judgment against it by way of contribution or indemnity may be stayed until the judgment in the original proceeding against the B/G Foods, Inc., is paid or satisfied. One jury impaneled to determine the entire controversy may not only save time and expense, but it is fair to assume that the ends of justice will be served by disposition of the entire matter through the facilities of one jury. Nothing in this order should be construed as any final view of this Court as to the rights of B/G Foods, Inc., against Swift and Company. Whether such rights are by way of contribution between joint tort feasors or by way of indemnity, this Court does not express any view.

The motion, therefore, to vacate the order making Swift and Company a third-party defendant in each of the above-entitled cases, is denied. Swift and Company is hereby allowed twenty days after the filing of this order within which to file its answers herein. An exception is reserved to the Swift and Company.