Ronald **LANGE**, a Minor, by Orville Lange, His Father and Natural Guardian, and Orville Lange, for Himself, Appellants,

v.

Charles **SCHWEITZER, et al.,** Defendants,

Dale H. **Wolfe, d. b. a. Oelwein Specialty Co.,** Respondent,

and

Charles **SCHWEITZER** and Jerry Schweitzer, Dale H. Wolfe, d. b. a. Oelwein Specialty Co., Third Party Plaintiffs,

v.

Robert **LANGE,** Third Party Defendant,

and

Robert **LANGE,** Third Party Plaintiff,

v.

Delores **DAVIS** and Keith Davis, Third Party Defendants,

and

Ronald **LANGE**, a Minor, by Orville Lange, His Father and Natural Guardian, and Orville Lange, for Himself, Appellants,

v.

Virgil **SUCKOW,** Respondent.

No. 50496.

Supreme Court of Minnesota.

July 3, 1980.

---

388

Peterson & Thompson and Duane M. Peterson, Winona, for appellants.

Austin, Roth, Sunde, McDonough & Tierney and George S. Roth, Minneapolis, for respondent.

SHERAN, Chief Justice.

The issue raised by this appeal is whether the trial court properly determined that tortfeasors whose illegal sales of fireworks were determined to be negligence directly contributing to cause an injury sustained by the minor plaintiff were entitled to contribution among themselves if any one of them paid more of plaintiffs' damages than was attributable to his negligence.[1] We affirm.

Ronald Lange, then 7 years old, was injured June 19, 1973, when a "bottle rocket"

---

1. Although the order is not appealable under Minn.R.Civ.App.P. 103, we have decided to consider the matter in the interests of justice. Minn.R.Civ.App.P. 102.

set off by his 12-year-old brother Robert struck Ronald in the eye. Thereafter Ronald's father commenced this action against Charles and Jerry Schweitzer, who had sold the rocket to Robert, and against Virgil Suckow, the salesman who had sold a supply of the rockets to the Schweitzers for retail sales at their gas station, and Suckow's employer, Dale Wolfe. The complaint alleged negligence on the part of all sellers in making the sales in violation of Minn. Stat. § 624.21 (1978). Several months before trial plaintiffs settled their action against the Schweitzers for the sum of $15,-000, executing a *Pierringer* [*Pierringer v. Hoger*, 21 Wis.2d 182, 124 N.W.2d 106 (1963)] release which provided that the Schweitzers' payment discharged them from further liability to plaintiffs and that plaintiffs would indemnify the Schweitzers for any amount recovered against them through contribution claims.

The case was then tried against the remaining defendants. The jury exonerated several third-party defendants of negligence and determined that all of the sellers had been causally negligent, attributing 60% of such negligence to the Schweitzers, 25% to Suckow, and 15% to Wolfe. It assessed Ronald's damages as $80,000 and those of his father as $1,000. Based on the special verdict, the trial court concluded that plaintiffs were entitled to recover $81,-000 from Suckow and Wolfe; that Suckow, if he paid that sum, was entitled to contribution for 60% from the Schweitzers and to indemnity against Wolfe for all amounts he was required to pay; and that Wolfe, if he paid the amount of the judgment, was entitled to contribution for 60% against the Schweitzers. By reason of the release, the determination that Suckow and Wolfe are entitled to contribution in effect limits plaintiffs' recovery to 40% of the judgment ($32,400) plus the $15,000 they had previously received from the Schweitzers. Consequently plaintiffs appealed.

In this court plaintiffs urge that contribution is precluded because the liability of the Schweitzers, Suckow, and Wolfe results from their violation of a statute. Plaintiffs rely chiefly on *Fidelity & Cas. Co. v. Christenson*, 183 Minn. 182, 236 N.W. 618 (1931), in which this court, after holding that a person who was guilty of an intentional wrongful act or had knowingly committed an illegal act should be denied contribution, went on to hold that "the term 'illegal act' is here used in the sense of a violation of statutory law as distinguished from common-law negligence." 183 Minn. at 187, 236 N.W. at 620. This view, that a person who violates a statute should be denied contribution for that reason from a negligent co-tortfeasor, was followed in *Kemerer v. State Farm Mut. Auto. Ins. Co.*, 211 Minn. 249, 300 N.W. 793 (1941) where the act of a driver in swinging his automobile in front of the other driver's vehicle in an intersection was viewed as an intentional violation of the traffic law.

In subsequent cases, however, *Christenson* has been distinguished or rejected. *See, e. g., Hardware Mut. Cas. Co. v. Danberry*, 234 Minn. 391, 48 N.W.2d 567 (1951) and *Farmers Ins. Exch. v. Village of Hewitt*, 274 Minn. 246, 143 N.W.2d 230 (1966). In *Skaja v. Andrews Hotel Co.*, 281 Minn. 417, 161 N.W.2d 657 (1968), *Christenson* was again disapproved, and two vendors of intoxicating liquors who had been named defendants in a civil damage action were held entitled to contribution where both had violated the statute prohibiting sales of intoxicating liquors to minors. In *Skaja*, we relied to some extent on the fact that there was no claim that the violations had been intentional, and we observed that "[p]ractical considerations make it unreasonable to equate a mere violation of such statutes [governing the sale of intoxicating liquors] with conscious wrongdoing." 281 Minn. at 421, 161 N.W.2d at 660. In this case as well, although the sellers clearly meant to sell fireworks, there was no evidence that they consciously intended to cause harm to plaintiffs or to any other person by their acts. Consequently, we agree with the trial court's view that their conduct is more akin to negligence than to the commission of an

intentional tort and therefore does not preclude contribution.

Plaintiffs urge that *Skaja* is factually distinguishable because a vendor of intoxicating liquors ordinarily is engaging in a lawful activity whereas the sellers of fireworks are engaging in an unlawful activity except when making the sales specifically permitted by Minn.Stat. § 624.21 (1978). Notwithstanding that factual difference, we prefer to apply the principle implicit in *Skaja* that tortfeasors whose wrongful conduct has been of the same kind should be entitled to contribution, unless their torts were committed with actual, conscious intent to cause harm to others. Although we do not condone violation of § 624.21, we do not believe that public policy is served by denying contribution among these negligent violators. Instead, it seems to us that application of the equitable doctrine in this case will merely result in requiring each seller to be responsible for that portion of plaintiffs' damages which is attributable to his own fault. The reasonableness and desirability of that objective has been recognized by this court in several recent cases. *See Busch v. Busch Const., Inc.,* 262 N.W.2d 377 (Minn.1977); *Tolbert v. Gerber Indus.,* 255 N.W.2d 362 (Minn.1977); *Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 257 N.W.2d 679 (1977).

Admittedly, allowing contribution here will reduce plaintiffs' recovery to a sum considerably less than the award made by the jury, but the limitation on plaintiffs' recovery is the consequence of the *Pierringer* release, which provided that plaintiffs would indemnify the Schweitzers from demands made upon them for contribution. That the non-settling defendants receive this benefit by reason of the release was an expectable consequence. *See Frey v. Snelgrove,* 269 N.W.2d 918 (Minn.1978). It does not furnish a reason to deny contribution.

Plaintiffs' last claim is that, if allowed, contribution must be equal. They reason that when the *Pierringer* release was entered in November 1977, this was the law. At that time, however, Minn.Stat. § 604.01, subd. 1 (1976) required determination of the percentage of negligence attributable to each party and further provided that contribution to awards from persons who are jointly liable should be in proportion to the percentage of negligence attributable to each. Although the statute also provided that each tortfeasor remained severally liable to the plaintiff, the provision that the tortfeasors were to pay the award made in amounts proportionate to their negligence clearly contemplates that among themselves each was entitled to contribution for any payment made in excess of the amount proportionate to his fault.

Affirmed.