**FIRST NATIONAL BANK OF STRASBURG, Plaintiff,**

v.

**PLATTE VALLEY STATE BANK, Defendant.**

**Civ. A. No. 85–K–740.**

United States District Court, D. Colorado.

Aug. 28, 1985.

---

Gregory L. Williams, Denver, Colo., for plaintiff.

Cassandra G. Sasso, Kent J. Lund, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a diversity action sounding in tort and contract. Plaintiff First National Bank of Strasburg charges that defendant Platte Valley State Bank failed to assign to plaintiff and record promptly interests in certain property pursuant to an agreement between the parties. Plaintiff seeks damages based upon theories of breach of contract, promissory estoppel, negligence and breach of fiduciary duty. Plaintiff is a citizen of Colorado and defendant is a Nebraska bank. Jurisdiction is therefore proper under 28 U.S.C. § 1332.

Before me is defendant's motion for an order requiring plaintiff to add necessary party defendants pursuant to Rule 19, Fed.R.Civ.P. or, in the alternative, for leave to file a third-party complaint pursuant to Rule 14, Fed.R.Civ.P. I deny defendant's motion in its entirety. I do not find that these individuals are necessary parties under Rule 19. Nor do I believe that it is appropriate to bring them into the lawsuit now as third-party defendants.

## BACKGROUND

In September 1981, plaintiff Bank purportedly agreed to loan the Hendrickson Land & Cattle Company $300,000 to buy 2 parcels of land if Wayne, Wilma and Kevin Hendrickson would personally guarantee the promissory note and if defendant Bank would promptly execute and record assignments of interest in the property to plaintiff. These conditions ultimately spawned two unrelated lawsuits which defendant now seeks to combine.

Following the Hendricksons' execution of personal guarantees on the promissory note, plaintiff disbursed $300,000 to the Cattle Company. On September 1, 1982, they made a timely payment of the first annual installment of principal and interest.

However by May 1984, the Hendricksons (Cattle Company and individuals) allegedly defaulted on the note. First Bank of Strasburg filed an action in Arapahoe County Court, State of Colorado (No. A84–01–1037) on September 4, 1984, seeking to collect the outstanding principal and interest on the note from the Hendricksons. That case is set for trial with first priority on November 12, 1985.

Defendant's performance of the latter condition is the subject of the instant action. Plaintiff contends that defendant failed to assign these property interests to the bank and record them until May 1984, or almost two and one half years after the alleged agreement. Plaintiff claims that this caused it to lose a first priority position which in turn destroyed the value of the land as collateral security. Apparently, the Norwest Bank Omaha South recorded an earlier mortgage on the same land to secure indebtedness of the Cattle Company in excess of $2.6 million.

## DISCUSSION

Defendant Platte Valley moves to join the Hendricksons (Cattle Company and individuals) as necessary parties under Rule 19(a)(2), Fed.R.Civ.P. Defendant characterizes the case at bar as an attempt to require it to "answer for and insure the debt and default of the Hendricksons on the promissory note." Hence, it reasons that the Hendricksons are necessary parties because they claim an interest relating to the subject of this action, because their absence may impede their ability to protect their interests and may lead to inconsistent verdicts.

■ In deciding whether to grant a Rule 19 motion, I must engage in a two-step inquiry. First I need to determine whether the individuals are necessary parties to the action. *Potter v. Continental Trailways, Inc.*, 480 F.Supp. 207 (D.Colo.1979). Under Rule 19(a)(2), a person is considered a necessary party to the action if:

(2) he claims an interest relating to the subject of the action and is so situated that disposition of the action in his ab-

sence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest.

This determination must always be made on a case-by-case basis taking into account the special circumstances and facts in the case. *Helzberg's Diamond Shops, Inc. v. Valley West Des Moines Shopping Center, Inc.*, 564 F.2d 816 (8th Cir.1977). If they are not deemed necessary parties then the motion should be denied. Of course, this does not preclude the movant from attempting to join the individuals by way of permissive joinder or a third-party complaint if that is appropriate under the circumstances. However, where a court concludes that the person is a necessary party and joinder is not possible, Rule 19(b) considerations are triggered. The court must then determine whether the action ought to proceed or should be dismissed because an absent party is regarded as indispensable. *Potter, supra* at 212.

■ In the instant case, the latter inquiry need not even be considered since the Hendricksons cannot be regarded as necessary parties. First National correctly points out that its claims against Platte Valley do not arise from a guaranty theory. Rather they stem from an entirely separate and independent purported agreement between plaintiff and defendant. The Hendricksons were neither parties to such an arrangement nor obligated by its terms. Consequently, they are in no position to claim an interest relating to the subject of this action.

I further find that their absence will not impair or impede their ability to protect their interests in the note. The case at bar will in no way affect or determine the Hendricksons' liability, if any, on the promissory note. Moreover, it is difficult to conceive of how the Hendricksons' absence can lead to inconsistent results when the two lawsuits involve entirely different obligations. For all of these reasons I con-

clude that the Hendricksons are not necessary parties and deny defendant's Rule 19 motion.

Defendant moves in the alternative for leave to file a third-party complaint pursuant to Fed.R.Civ.P. 14. Platte Valley insists that should any judgment be entered against it here, the Hendricksons would be liable to it for all or part of the judgment because they have primary liability on the defaulted debt. Although plaintiff concedes that to the extent the Hendricksons are proper parties at all, they are merely proper third-party defendants, it also maintains that granting defendant's Rule 14 motion would seriously prejudice and delay its resolution of the action on the note. By allowing Platte Valley to file a third-party complaint, plaintiff argues that the state court proceeding would effectively be removed to this court and would lose its trial date.

■ Rule 14 permits the filing of a third-party complaint when "the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant." *Saine v. A.I.A., Inc.*, 582 F.Supp. 1299, 1309 (D.Colo.1984). It is therefore a special device for imposing liability on a person "who is or may be liable for all or part of the plaintiff's claim against him". *Id* at 1310. The purposes of the rule are

> to avoid circuity of action and multiplicity of suits, to prevent the necessity of trying several related claims to be disposed of in one action, thereby simplifying and expediting litigation, eliminating unnecessary expense and saving the time of the courts.

*Leaseway Warehouses, Inc. v. Carlton,* 568 F.Supp. 1041, 1043 (N.D.1983).

■ Based upon the pleadings before me it does not appear that the Hendricksons could be liable to defendant for any part of plaintiff's claim against defendant. However, even assuming that there is some basis for liability, I do not find that the purpose of the rule or the interests of the parties would be served by granting Platte Valley's Rule 14 motion. This is not a situation where a third party complaint would prevent multiple suits or expedite the litigation. Indeed, it would produce a contrary result. These actions are so dissimilar that trying them in a single lawsuit would require more court time and would be more costly. As a practical matter, it would merely impede and delay the prompt resolution of the claims in direct contravention of the spirit of Rule 14. Finally, I find that the Arapahoe County action is so far advanced—with a trial date only 2 months away—that it would be counterproductive to duplicate its unrelated claims here. Consistent with these findings, I deny defendant's motion for leave to file a third-party complaint.

IT IS THEREFORE ORDERED THAT:

Defendant Platte Valley State Bank's motion for an order requiring plaintiff to add necessary party defendants or, in the alternative, for leave to file a third-party complaint is denied.