**DEUTSCHE CREDIT CORPORATION, Plaintiff,**

v.

**NATIONAL BANK AND TRUST COMPANY OF SOUTH BEND, Defendant.**

**No. S86–279.**

United States District Court, N.D. Indiana, South Bend Division.

Sept. 19, 1986.

William A. Thorne, Steven L. Hostetler, Mishawaka, Ind., for plaintiff.

Lynn C. Tyler, South Bend, Ind., for defendant.

## MEMORANDUM and ORDER

MILLER, District Judge.

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, the defendant, National Bank and Trust Company of South Bend (hereinafter the "Bank"), requested leave to file a third-party complaint against Delcamp, Inc., d/b/a Michiana Mack, Inc. (hereinafter "Michiana Mack"), Ronald Delcamp and Audrey Delcamp, who, the Bank believes, are or may be liable to the Bank for all or part of the plaintiff's claim against the Bank. Following oral argument, the parties were granted leave to submit briefs on their respective positions. The briefs have been filed, and the matter is now ripe for ruling.

## I.

The plaintiff, Deutsche Credit Corporation (hereinafter "Deutsche"), filed this cause of action on May 7, 1986. The complaint, while directed only against the Bank, arises out of Deutsche's attempts to collect a debt owed to Deutsche by one of the proposed third-party defendants, Michiana Mack.

Briefly summarized, the fact situation appears to be as follows. Pursuant to a wholesale financing agreement entered into between Deutsche and Michiana Mack on or about June 15, 1982, Michiana Mack gave Deutsche a security interest in any and all of its inventory that Deutsche had or would finance, and in the proceeds from the disposition of such inventory. Deutsche perfected its security interest in the inventory and proceeds, and notified the Bank of its interests therein. Pursuant to the terms of the June 15, 1982 agreement, Deutsche advanced money to Michiana Mack to purchase vehicles that Michiana Mack then sold to third parties. Deutsche maintains that Michiana Mack deposited

the proceeds of at least four of those sales into Michiana Mack's account at the Bank on December 23, 1985, January 6, 1986, January 31, 1986, and February 18, 1986. While Deutsche does not specifically allege that Michiana Mack is in default on the terms and provisions of the financing agreement, such a default can be inferred from the record. Subparagraph (G) of the financing agreement provides that:

> Upon the sale, lease or other disposition of a Truck(s), Dealer shall promptly remit payment(s) to Lender to satisfy the indebtedness, financed hereunder, on said Truck(s). Dealer ... shall immediately transmit the payment(s) to Lender within 24 hours of the receipt thereof.

Claiming that the proceeds deposited in Michiana Mack's bank account were not remitted, Deutsche now seeks to recover those proceeds from the Bank.

The Bank also appears to have held a perfected security interest in Michiana Mack's inventory and/or proceeds as a result of certain loans the Bank made to Michiana Mack. When Michiana Mack defaulted on one of those loans in February, 1986, the Bank began taking steps to collect the indebtedness by setting-off Michiana Mack's two accounts with the Bank. The Bank began these steps on February 18, 1986; on February 19, 1986, the Bank filed a collection action against Michiana Mack in the St. Joseph Circuit Court. No judgment has been entered in that state court proceeding. The Bank's setting-off of the accounts together with a prejudgment attachment of unrelated property satisfied Michiana Mack's indebtedness to the Bank. Deutsche, however, claims that the funds which the Bank set off from the Michiana Mack accounts were actually proceeds from the sale of inventory financed by Deutsche, in which Deutsche held a superior security interest. Deutsche has filed this action to recover those proceeds from the Bank.

## II.

### (A)

The Bank's motion for leave to file a third-party complaint raises the issue of the court's subject-matter jurisdiction over the proposed third-party claim. The court's jurisdiction over the original action is based on diversity of citizenship. 28 U.S.C. section 1332(a). That the proposed third-party complaint, which states neither a claim between citizens of different states nor a claim based upon a federal question, has no independent basis for federal jurisdiction is undisputed. The court must determine, then, whether ancillary jurisdiction is proper over the third-party claim.

The Bank contends that this court has ancillary jurisdiction because the Bank's claim against the proposed third-party defendants satisfies the requirements of Rule 14(a) of the Federal Rules of Civil Procedure, and because the claim arises out of the same set of operative facts, transactions, or occurrences as Deutsche's claim against the Bank.

Deutsche contends that the Bank has not satisfied the requirements of Rule 14(a) because the potential liability of Michiana Mack to the Bank has not been established. It also contends that the proposed third-party complaint involves different issues between different parties arising out of different operative facts. Deutsche contends, therefore, that this court lacks ancillary jurisdiction over the third-party complaint. Alternatively, Deutsche argues that because the Bank's claims will only complicate and obscure the issues in the original action and lengthen the original suit, and because the state court is a more appropriate forum for such claims (as evidenced by the fact that the Bank initiated its claim against Michiana Mack in the state court, where that action still pends), the court should decline to exercise ancillary jurisdiction over the Bank's claims.

### (B)

 That the Bank may have satisfied the requirements of Rule 14(a) of the Federal Rules of Civil Procedure does not alone establish ancillary jurisdiction over the third-party complaint.

Rule 14 does not extend jurisdiction. It merely sanctions an impleader procedure

which rests upon the broad conception of a claim as comprising a set of facts giving rise to rights flowing both to and from a defendant. For solution of the incidental jurisdictional problems which often attend utilization of the procedure, the concept of ancillary jurisdiction ... may often be drawn upon.

*Dery v. Wyer*, 265 F.2d 804, 808 (2nd Cir. 1959); see also Fed.R.Civ.P. 82. A two-part test governs impleader: (1) the third-party defendant's liability must be secondary or dependent on the outcome of the main claim, and (2) the third-party plaintiff must be able to transfer all or part of his liability to the third-party defendant. *Hanhauser v. United States*, 85 F.R.D. 89 (M.D.Pa.1979). Deutsche contends that the Bank has not satisfied the first part of this test because the potential liability of Michiana Mack to the Bank has not been established.

Rule 14(a) provides, in pertinent part, as follows:

> ... a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

The Rule's words "is or may be liable" have been construed to allow impleader even though a determination in the original action of the third-party plaintiff's liability to the original plaintiff will not automatically establish the third-party defendant's liability. See *Travelers Insurance Co. v. Busy Electric Co.*, 294 F.2d 139 (5th Cir. 1961); *Powell, Inc. v. Abney*, 83 F.R.D. 482, 486 (S.D.Tex.1979); *Stiber v. United States*, 60 F.R.D. 668, 670 (E.D.Pa.1973). The Bank's proposed third-party complaint is based on a theory of derivative liability. Rule 14(a) does not require that the third-party defendant's liability be firmly established before or at the time the third-party's liability to the plaintiff is determined. *Ibid*. Accordingly, the court finds that the Bank has satisfied Rule 14(a).

That determination does not resolve whether the court should assume ancillary jurisdiction over the third-party claim.

> [A]ncillary jurisdiction may only operate 'when there is a right nexus with a subject matter properly in federal court'. This nexus or logical relationship between the main claim and the incidental state claim arises (1) when the same aggregate or operative facts serves as the basis for both claims or (2) when the core of facts supporting the original claim activate legal rights in favor of a party defendant that would otherwise remain dormant.

*Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1119 (11th Cir.1983).

■ The requisite nexus has been established in this case. A review of the fact situation indicates that both the original and the third-party claims arise out of the same aggregate of operative facts. The core of facts supporting the original claim also activates the Bank's right to assert a derivative liability action against Michiana Mack. The court, then, has discretion to exercise ancillary jurisdiction over the third-party complaint.

■ Various prudential factors govern the court's decision to exercise such discretion. These factors include judicial economy, consistency of results, avoidance of circuity of actions, complication of issues at trial, the merit of the proposed third-party complaint, delay of trial, and additional expense to the parties. *State Mutual Life Assurance v. Arthur Anderson and Company*, 65 F.R.D. 518 (S.D.N.Y.1975). In this case, these factors weigh in favor of the court declining to exercise ancillary jurisdiction in this case. The Bank's claims against Michiana Mack and Ronald and Audrey Delcamp are the subject to a pending state court proceeding, which was filed on February 19, 1986, almost three months before Deutsche brought this suit against the Bank. The state court is well-qualified to handle the issues presented in the Bank's claim. To allow the Bank to change forums at this stage of the proceedings would result in a duplication of efforts by

both the parties' counsel and the court. The issues presented by the third-party complaint would also unduly complicate and lengthen the proceedings in this action. The change of forum accordingly would not serve the interest of judicial economy. The Bank, by proceeding with its claim in the state court, loses no rights which it may have had in federal court.

Accordingly, in the exercise of its discretion, the court finds that the Bank's motion for leave to file a third-party complaint should be, and hereby is, DENIED.

SO ORDERED.