## Riblet Tramway Company, Inc. v. Marathon Electronics-Avtek Drive Division

[621 A.2d 1274]

No. 91-239

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed January 15, 1993

*Lisa Chalidze* of *Hull, Webber & Reis*, Rutland, for Plaintiff-Appellant.

*John S. Liccardi* and *Martha A. Wieler* of *Harlow Liccardi & Crawford, P.C.*, Rutland, for Defendant-Appellee.

**Allen, C.J.** Riblet Tramway Company appeals from an order in an indemnity action against Marathon Electronics-Avtek Division (Avtek) that dismissed the action on the ground that the claim had been previously adjudicated in a matter in which Riblet was the third-party plaintiff and Avtek had been the third-party defendant. We affirm.

In 1978 Riblet entered an agreement with the Mt. Mansfield Company to construct a chair lift, and in 1982 Mt. Mansfield sued Riblet in federal district court for alleged failure to conform to certain express and implied warranties with respect to the construction. In 1983 Mt. Mansfield and Riblet entered a stipulation of settlement under which Riblet would perform all

work necessary to allow the chair lift to carry 1,200 persons per hour. This work was completed in 1984. In 1985, however, the chair lift failed to carry 1,200 skiers per hour, and in 1986 Mt. Mansfield filed suit against Riblet in the Lamoille Superior Court ("1986 action") for breach of warranties and for breach of the settlement agreement reached in 1983. Riblet in turn filed a third-party complaint against Avtek pursuant to V.R.C.P. 14, alleging that Avtek had a duty to indemnify it, based on a warranty theory, in the event that judgment was entered in favor of Mt. Mansfield.

Prior to trial, the court struck the breach of warranty claims against Riblet because the applicable statute of limitations had expired. Avtek then moved to dismiss the third-party complaint because it was also based on warranty claims. The court granted Avtek's motion, and subsequently entered judgment for Mt. Mansfield against Riblet for $186,960.

Riblet appealed the judgment in favor of Mt. Mansfield, but the appeal was later dropped. Riblet did not appeal dismissal of its claim against Avtek. Instead, it brought the present action ("1990 action") against Avtek on a theory of indemnity, alleging that "[t]he reason the lift failed to carry 1200 skiers per hour was solely because of defects in the AVTEK motor and control, and breaches of express and implied warranties made by AVTEK in connection with its provision of the components to Riblet." The court granted Avtek's dismissal motion on res judicata grounds, and the present appeal followed.

Riblet argues first that its claim against Avtek did not accrue in the 1986 action because an action for indemnity does not accrue until the indemnitee (here, Riblet) has suffered an actual loss. Riblet reasons that since it had not suffered an actual loss in the Mt. Mansfield action at the time its claim against Avtek was dismissed, the court's prejudgment order dismissing Riblet's action against Avtek should not be given res judicata effect. We disagree.

The central purpose of Rule 14 is to permit "resolution in a single proceeding of common issues." Reporter's Notes to V.R.C.P. 14; see *First National Bank of Strasburg v. Platte Valley State Bank*, 107 F.R.D. 120, 123 (D. Colo. 1985) (dispose of related claims in single suit; simplify and expedite litigation). A defendant may bring in a third party under

V.R.C.P. 14(a) "who is or may be liable to such third-party plaintiff *for all or part of the plaintiff's claim against the third-party plaintiff.*" (Emphasis supplied.) If the third-party plaintiff prevails against the principal plaintiff and incurs no liability, the third-party defendant in turn incurs no liability to the third-party plaintiff. See *Beights v. W.R. Grace & Co.*, 67 F.R.D. 81, 84 (W.D. Okla. 1975) (defendant manufacturer was estopped to claim that a maker of an ingredient in its product was liable for any defect after jury found that product was not responsible for plaintiff's injuries).

■■ Joinder of all interested parties under Rule 14 binds each to the resulting judgments in the matter, even though an independent action in place of the third-party action might have been premature. *Jeub v. B/G Foods, Inc.*, 2 F.R.D. 238, 240 (D. Minn. 1942). In *Jeub*, the defendant sought indemnity from the third-party defendant, who resisted impleader on grounds that, under state law, no indemnity right arose until after the defendant had suffered actual loss. The court allowed impleader and stated:

> The fact that an independent action for money recovery could not be brought at this time does not militate against [third-party plaintiff's] right to invoke a procedure which will *determine rights of the parties* concurrently with that of the basic proceeding, and if and when any loss has been sustained as to which [third-party defendant] is liable over, the laws of this State in regard thereto may be made effective.

*Id.* at 240 (emphasis supplied); accord *Holzhauser v. Container Corp. of America*, 93 F.R.D. 837, 839 (W.D. Ark. 1982). We hold that the third-party plaintiff's claim against the third-party defendant arises or accrues when the plaintiff files the complaint in the original action because, under Rule 14, the third-party complaint may then be filed. See *Patten v. Knutzen*, 646 F. Supp. 427, 429-30 (D. Colo. 1986)(holding that claim for contribution arises prior to final judgment in principal action); *Deutsche Credit Corp. v. National Bank & Trust Co.*, 114 F.R.D. 4, 7 (N.D. Ind. 1986) (Rule 14 allows impleader although finding of liability against defendant in original action does not automatically establish third-party defendant's liability).

In the present case, Mt. Mansfield's complaint against Riblet was based on two theories, breach of warranties and breach of a settlement agreement. Riblet's third-party complaint against Avtek was limited to theories of express and implied warranties. When Riblet moved to dismiss Mt. Mansfield's warranty-based claims on the ground that the statute of limitations had expired, Avtek moved to dismiss the third-party complaint. The court dismissed Mt. Mansfield's warranty claims and the third-party complaint. If Riblet believed that dismissal of its third-party complaint against Avtek was not warranted,[1] it should have opposed dismissal and, if unsuccessful, appealed to this Court. Riblet did not appeal, but rather raised a virtually identical claim in its 1990 action for indemnity. The dismissal of Riblet's third-party complaint in the 1986 action was a final adjudication of the same warranty claims now raised again in a separate indemnity action. See *Beaudoin v. Town Oil Co.*, 542 A.2d 1124, 1130 (Conn. 1988) ("All of the issues raised in this appeal of the trial court's ruling were raised in the previous third party complaint that was stricken by the trial court and already preserved for appeal.").[2]

In short, Riblet allowed its claim to be adjudicated, allowed the adjudication to go unappealed, and then hoped for resuscitation of its claim in a subsequent action. Elementary principles of res judicata bar that course of action. There was no error.

*Affirmed.*

---

[1] We express no views as to whether dismissal of the warranty claims between Mt. Mansfield and Riblet mandated dismissal of Riblet's third-party warranty claims against Avtek. Riblet did not appeal the court's dismissal of its claim against Avtek, and hence that dismissal became a final adjudication of the claim.

[2] The court in *Beaudoin* relied on the "prior pending action" doctrine, rather than res judicata, because although the separate suit for indemnification was filed after dismissal of the third-party complaint, the appeal of that dismissal was not yet decided. Hence, there were two actions relating to the same parties and subject matter in esse at the same time.

In the present case, though appellee recites the prior-pending-action doctrine, the proper principle is res judicata. Although Riblet's appeal in the 1986 action had not been terminated when the present action was filed, the court had dismissed Riblet's third-party complaint and that dismissal was not appealed. It is the finality of that unappealed judgment that represents a prior adjudication — a res judicata.