## Seth A. ALDEN and Cornelia Dodge Alden v. Nancy B. ALDEN, James Carver Alden, Julia Dee and Todd Howard Alden

[992 A.2d 298]

No. 09-017

¶ 1. January 22, 2010. Appellants Julia Dee and Todd Alden appeal the Bennington Superior Court's denial of their motion to amend the court's order terminating the 1973 William C. Alden Trust. Appellants contend that the court's refusal to expressly limit the preclusive effect of the order was an abuse of discretion. We affirm.

¶ 2. Before his 1980 death, decedent William Alden created the 1973 William C. Alden Trust to provide for his second wife Nancy Alden and his five children after his passing. Three of decedent's children, including appellants Julia Dee and Todd Alden, are from a previous marriage. The remaining two, Seth and Cornelia Alden, are the progeny of decedent and decedent's second wife. The Trust appointed decedent's second wife co-trustee upon decedent's death.

¶ 3. In December 2006, decedent's second wife filed a complaint on behalf of the Trust, seeking to replace two of its trustees. After withholding their consent to the substitution, appellants were named defendants in the Trust's revised complaint. The parties negotiated for a period of two months and in April 2007 reached

an agreement that permitted the superior court to issue an order substituting the trustees. However, the court's April 2007 order also reserved any potential claims of appellants pertaining to the operation of the Trust. In May 2007, appellants filed a counterclaim against decedent's second wife (the Fiduciary Breach Action), alleging various breaches of fiduciary duty in her administration of the Trust. As of the oral argument before this Court, the Fiduciary Breach Action remained in the discovery stage.

¶ 4. Meanwhile, in September 2007, the children from the second marriage initiated a separate action (the Termination Action) seeking termination of the Trust and distribution of the Trust assets on the grounds that a drafting error had frustrated decedent's intent. Seeking to avoid a "race to judgment," appellants filed a motion to consolidate this action with the Fiduciary Breach Action. The superior court granted the motion in part, but consolidated only the narrow issue of whether decedent's second wife possessed a testamentary general power of appointment and the tax consequences that such a determination would generate. After resolving this issue, the court separated the cases.

¶ 5. With respect to the Termination Action, each of the beneficiaries consented to termination of the Trust. However, they disagreed over how to distribute the Trust assets. On September 18, 2008, the superior court resolved the issue, ordering that, within five days of the final accounting of the Trust, decedent's second wife would receive one-third of the Trust assets and each child would receive two-fifteenths of the Trust assets. The court issued its final order distributing the Trust according to these terms on November 12, 2008, after the final accounting.

¶ 6. Shortly after the superior court's September 18 interlocutory order, appellants filed a motion requesting that the court amend the termination order to clarify that it is without prejudice to the claims alleged in the Fiduciary Breach Action. Specifically, they sought assurances from the superior court that (1) they would not be precluded from litigating their fiduciary breach claims in the Fiduciary Breach Action and (2) that they would not be precluded from each seeking one-fifth of the amount, if any, that decedent's second wife is found to have misappropriated, as damages in the Fiduciary Breach Action. Appellants also sought similar clarification from the court in a motion to stay the court's termination judgment, a written objection to the trustee's final account, and a Rule 59(e) motion to amend the court's final termination order. The superior court denied the various motions and objections and declined to address the preclusive effect of its orders on the Fiduciary Breach Action.

¶ 7. We are asked here to review the superior court's denial of a Rule 59(e) motion to amend its termination order to limit the order's preclusive effect. Appellants contend that the court should have stated that (1) the termination order does not preclude them from litigating their claims in the Fiduciary Breach Action and (2) the court's formula for distributing the Trust's assets does not limit the share of damages that they may seek for the alleged fiduciary breaches of decedent's second wife. Disposition of a Rule 59(e) motion is committed to the trial court's discretion. *Rubin v Sterling Enters., Inc.*, 164 Vt. 582, 588, 674 A.2d 782, 786 (1996); see *In re Kostenblatt*, 161 Vt. 292, 302, 640 A.2d 39, 45 (1994). Therefore, we will reverse a denial of a Rule 59(e) motion only if the trial court has abused that discretion. See *Rubin*, 164 Vt. at 588, 674 A.2d at 786. We conclude that the superior court did not abuse its discretion when it refused to limit the preclusive effect of its termination order.

¶ 8. The general rule is that a court should not dictate preclusion conse-

quences at the time of deciding a first action. *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 396 (1996) (Ginsburg, J., concurring in part and dissenting in part); *Brown v. R.J. Reynolds Tobacco Co.*, 576 F. Supp. 2d 1328, 1339-40 (M.D. Fla. 2008). Rather, the court in the subsequent action is entitled to make its own determination as to the preclusive effect of the earlier judgment. *Midway Motor Lodge of Elk Grove v. Innkeepers' Telemgmt. & Equip. Corp.*, 54 F.3d 406, 409 (7th Cir. 1995); *Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 525 (7th Cir. 1985); *Brown*, 576 F. Supp. 2d at 1339-40. Although there may be circumstances that justify the court that renders the first judgment addressing the judgment's res judicata effect, the court's power to do so "should be sparingly exercised." 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4413, at 312 (2d ed. 2002). Courts may, for instance, address the preclusion consequences of their decisions when policy considerations counsel them to do so. See *id.* at 313. But even then, the court's decision is entirely prudential and not compelled by law. As a general matter, "[i]t is the duty of the second trial court — which knows both what the earlier finding was and how it relates to a later case — to independently determine what preclusive effect a prior judgment may be given." *Brown*, 576 F. Supp. 2d at 1339. In the instant case, the superior court followed the general rule that a court should not address the res judicata effect of its judgment. Despite appellants' request that the court address the preclusion consequences, the court had no obligation to do so. Therefore, we conclude that the superior court did not abuse its discretion in refusing to amend its order.

¶ 9. Appellants contend that as a result of the termination order they may be precluded from litigating their claims in the Fiduciary Breach Action. The rule of claim preclusion applies when the parties, subject matter, and causes of action in a previous litigation, where the court has issued a final judgment, and in a subsequent litigation are the same or substantially identical. *Carlson v. Clark*, 2009 VT 17, ¶ 13, 185 Vt. 324, 970 A.2d 1269. It precludes the parties from relitigating not only those claims that were previously litigated, but also those that "should have been raised in previous litigation." *Lamb v. Geovjian*, 165 Vt. 375, 380, 683 A.2d 731, 734 (1996) (quotation omitted). Here, appellants tried to raise the fiduciary breach claims in the Termination Action when they sought to consolidate the two actions. As described above, the superior court consolidated the two cases on a single narrow issue, but declined to join any of the remaining issues. As appellants sought, but were not permitted, to raise their fiduciary breach claims in the Termination Action, res judicata principles would not preclude them from pursuing the fiduciary breach claims in the Fiduciary Breach Action.

¶ 10. Appellants also contend that, without an amended order from the superior court, they may be precluded from arguing in the Fiduciary Breach Action for a damage award that does not depend on the Trust distribution formula. Although appellants accepted the superior court's distribution formula granting them each two-fifteenths of the Trust's assets, they contend that they each should be awarded one-fifth of the value of any Trust assets decedent's second wife is found in the Fiduciary Breach Action to have misappropriated.

¶ 11. Issue preclusion prevents a party from relitigating an issue that was previously litigated and decided. *In re Armitage*, 2006 VT 113, ¶ 4, 181 Vt. 241, 917 A.2d 437. Relitigation is prohibited when:

> (1) preclusion is asserted against one who was a party in the prior action; (2) the same issue was raised in the prior action; (3) the

issue was resolved by a final judgment on the merits; (4) there was a full and fair opportunity to litigate the issue in the prior action; and (5) applying preclusion is fair.

*Trickett v. Ochs,* 2003 VT 91, ¶ 10, 176 Vt. 89, 838 A.2d 66. The determinative question here is whether the same issue is raised in both actions. In the Termination Action, the superior court determined that the Trust should be terminated and distributed one-third to decedent's second wife and two-fifteenths to each of decedent's children. If decedent's second wife is found liable in the Fiduciary Breach Action, the court would not have to decide how to distribute the Trust's assets, but rather how to apportion damages among victims of a breach of fiduciary duty. The two issues are distinct, and the resolution of one does not bind the resolution of the other. Thus, should decedent's second wife be found liable in the Fiduciary Breach Action, appellants remain free to argue that they should each receive one-fifth of the value of the Trust assets that decedent's second wife is proven to have misappropriated, just as decedent's second wife and the children from the second marriage remain free to argue that the court should follow the distribution formula from the Termination Action in apportioning the damages.

¶ 12. For these reasons, we affirm the superior court's final termination order.

*Affirmed.*