2015 VT 75

# The Stratton Corporation and Intrawest Stratton Development Corporation v. Engelberth Construction, Inc. v. Morgan's Roofing and Construction, et al.

[124 A.3d 489]

No. 14-239

Present: Reiber, C.J., Skoglund, J., and Morse and Johnson, JJ. (Ret.), and Morris, Supr. J. (Ret.), Specially Assigned

Opinion Filed May 29, 2015

*Shapleigh Smith, Jr.,* and *Wm. Andrew MacIllwaine* of *Dinse, Knapp & McAndrew, P.C.,* Burlington, for Third-Party Plaintiff-Appellant Engelberth Construction, Inc.

*Kaveh S. Shahi* of *Cleary Shahi & Aicher, P.C.,* Rutland, for Third-Party Defendant-Appellee Orwell Construction Company.

*John Paul Faignant* of *Miller Faignant & Fabian, P.C.,* Rutland, for Third-Party Defendants-Appellees Morgan's Roofing & Construction and S.D. Ireland Concrete Construction.

*Richard Windish* and *Susan J. Manley* of *Hayes & Windish,* Woodstock, for Third-Party Defendant-Appellee NBJ Construction, Inc., and *Hans G. Huessy* of *Murphy Sullivan Kronk,* Burlington, for Third-Party Defendant-Appellee Leggett & Son Contracting.

¶ 1. **Skoglund, J.** This appeal stems from a condominium construction project in Stratton, Vermont. Owner and developer The Stratton Corporation and Intrawest Stratton Development Corporation (collectively "Stratton") sued Engelberth Construction, Inc., the project's general contractor, seeking to recover for alleged construction defects and faulty workmanship that resulted in water damage to the project. Engelberth filed third-party complaints for indemnification against its subcontractors. The trial court granted summary judgment to Engelberth on Stratton's

claims, finding the claims barred by the statute of limitations. Given its summary judgment ruling, and without objection, the court dismissed Engelberth's third-party claims as moot. Engelberth later sought to amend the dismissal order to provide that the third-party claims were dismissed without prejudice. The court denied its request, and Engelberth appeals. We affirm.

¶ 2. The record indicates the following. In March 1998, Stratton hired Engelberth as its general contractor to build a 143-unit condominium complex. The parties entered into a standard agreement with modified general conditions. Stratton also hired architects to design the project and a construction engineering firm to consult on the waterproofing details. Construction began in 1998, and was substantially completed in 2000. The complex began showing signs of water leakage as early as November 1998, and leakage problems persisted throughout the remainder of the construction. In 2007, Stratton settled a water-damage claim brought by the condominium association for approximately $7 million.

¶ 3. As noted, in June 2007, Stratton sued Engelberth for negligence, breach of contract, and breach of warranty based on construction defects and faulty workmanship. Engelberth raised the statute-of-limitations as an affirmative defense. Engelberth also filed third-party complaints against its subcontractors, seeking indemnification to the extent that any liability for damages to Stratton was imposed on Engelberth.

¶ 4. In December 2012, Engelberth moved for summary judgment against Stratton on statute-of-limitations grounds. The court granted its motion on May 15, 2013, finding as a matter of law that Stratton had been placed on notice sufficient to warrant further inquiry as to its injuries and their cause more than six years before filing suit against Engelberth. One week later, the court issued an entry order stating: "The Court has granted defendant Engelberth's motion for summary judgment on plaintiff Stratton's claims against it. The Court believes that this makes all third-party claims moot. These claims will be dismissed by the Court on June 1, 2013 unless any party files an opposition to this entry order." No party filed any opposition, and in August 2013, the court dismissed Engelberth's third-party claims.

¶ 5. Meanwhile, in June 2013, Stratton appealed the trial court's summary judgment decision. In light of Stratton's appeal, Engelberth moved in September 2013 to amend the trial court's

third-party dismissal order to state that the dismissal was "without prejudice" and conditioned on the Vermont Supreme Court affirming the trial court's summary judgment ruling. Engelberth argued that although its claims against the third-party defendants currently appeared moot, if the Supreme Court reversed or remanded the summary judgment decision, it would need to refile its third-party claims and it could do that only if the dismissal was "without prejudice."

¶ 6. At the request of Stratton and Engelberth, the trial court stayed all pending matters until mid-February 2014 in light of settlement discussions. On February 12, 2014, Engelberth moved for a hearing on its motion to amend. Several days later, Engelberth filed notice that it had reached an accord and satisfaction with Stratton as to all claims asserted in this matter pursuant to a settlement agreement and mutual release.* The trial court consequently issued an entry order on February 24, 2014 dismissing all claims of whatever sort asserted by any party in this matter.

¶ 7. In early March 2014, Engelberth moved to clarify the February 24, 2014 dismissal order. It asserted that its third-party claims had never been adjudicated and again asked the court to confirm that its dismissal of these claims was "without prejudice." Engelberth stated that its third-party claims were based on express indemnity provisions in the subcontract agreements of the third-party defendants, which created claims separate from those asserted by Stratton in the original complaint. In other words, according to Engelberth, the third-party claims were not strictly contingent upon the outcome of Stratton's original claims. Instead, they were contingent upon a loss or injury to Engelberth arising out of the project work. Engelberth maintained that its recent settlement with Stratton constituted a cognizable loss for which the third-party defendants were contractually responsible. The third-party defendants opposed Engelberth's request.

¶ 8. The trial court denied Engelberth's request in a June 2014 entry order. It explained that under Vermont Rule of Civil Procedure 41(b)(3), a dismissal generally operated as an adjudication on the merits unless specified otherwise. Because the court's August 2013 dismissal order did not specify otherwise, the dismissal was an adjudication on the merits that concluded the

---

* Stratton's appeal was also dismissed pursuant to the parties' stipulation.

third-party claims. The court found its conclusion consistent with the events that led to the August 2013 dismissal order. As recounted above, in May 2013, the court had indicated its intent to dismiss the third-party claims unless any party opposed such dismissal. Engelberth did not file any opposition at that time, leading the court to dismiss the third-party claims. It was only after the issuance of this order that Engelberth, by its September 3, 2013 motion, sought an amendment characterizing the dismissal as without prejudice.

¶ 9. Engelberth now argued that the third-party claims were sufficiently independent to have been unaffected by the resolution of the claim in chief. It cited *Investment Properties, Inc. v. Lyttle*, 169 Vt. 487, 493, 739 A.2d 1222, 1227 (1999), for the proposition that an express indemnity claim is a new and independent claim not strictly contingent on a plaintiff's original claims. The third-party defendants argued that the third-party complaint was a contingent liability, relevant only if Stratton secured a judgment against Engelberth in the primary claim.

¶ 10. The court found it unnecessary to assess whether the third-party claims might have been brought independently because Engelberth had chosen to assert the third-party claims in the instant action, Engelberth was on notice that the claims would be subject to dismissal as moot if there was no objection, and Engelberth made no timely objection. Additionally, the court found that the basis for Engelberth's motion to amend — a pending appeal that might have affected Engelberth's rights — no longer obtained. The appeal had been laid to rest, and under the law of the case, Engelberth's predicate liability for its indemnity claims was foreclosed by the statute of limitations. As the determination that Engelberth had no liability indisputably left Engelberth with no basis to assert claims against third parties, the dismissal of those claims with prejudice was also the law of the case.

¶ 11. Engelberth argued that this principle should not apply because the dismissal was not affirmed by the Supreme Court, but instead was effectively denied because Engelberth paid a settlement and thus incurred damages. The court rejected this characterization. It found that Engelberth elected to settle the case-in-chief, rather than seek a determination affirming the lower court ruling that had been entirely in its favor. That election did not entitle Engelberth to a revival of the third-party claims that had been previously concluded by the trial court judgment.

¶ 12. Finally, the court found that Engelberth now provided a previously unstated basis for its claim, asserting that it was entitled to recover defense costs under the indemnity clauses in the subcontracts. As previously explained, however, Engelberth chose to bring its claims as third-party actions, it failed to object to the dismissal of that action despite an invitation from the court to do so, it chose to settle the appeal without altering the law of the case, and it was bound by the result. For these reasons, the court denied Engelberth's motion to amend and its motion to clarify. This appeal followed.

¶ 13. Engelberth argues on appeal that there were no grounds to dismiss its third-party claims with prejudice. According to Engelberth, V.R.C.P. 14 provided the only proper basis for dismissal and such dismissal was presumptively without prejudice. Engelberth asserts that V.R.C.P. 41 does not apply, but if it did, a dismissal as "moot" is a dismissal for lack of jurisdiction, and thus, it is not an adjudication on the merits under Rule 41(b)(3). Engelberth also argues that it did not waive its rights by failing to oppose dismissal in first instance. It points to the motion to amend that it filed in light of Stratton's appeal. Additionally, Engelberth states that it had no reason to suspect that the dismissal was with prejudice, and therefore it had no reason to object. Finally, Engelberth asserts that it has "independent" viable claims that it should be able to bring against the third-party defendants.

¶ 14. We review the court's ruling for abuse of discretion, *Alden v. Alden*, 2010 VT 3, ¶ 7, 187 Vt. 591, 992 A.2d 298 (mem.), and we find no abuse of discretion here. The court acted fairly and reasonably in denying Engelberth's belated motions to amend and clarify.

¶ 15. ▮ First, it is clear that Engelberth's claims were derivative of Stratton's claims against Engelberth. Even if Engelberth might have brought an independent claim against the third-party defendants, it did not do so. In its third-party complaints, Engelberth sought indemnification from the subcontractors "[t]o the extent any liability for damages to [Stratton] is imposed on Engelberth." The trial court determined that Engelberth had no liability to Stratton because all of Stratton's claims were barred by the statute of limitations. At that point, the court reasonably concluded that Engelberth's third-party claims

were moot and should be dismissed. As we have stated, "[i]f the third-party plaintiff prevails against the principal plaintiff and incurs no liability, the third-party defendant in turn incurs no liability to the third-party plaintiff." *Riblet Tramway Co. v. Marathon Elecs.-Avtek Drive Div.*, 159 Vt. 503, 506, 621 A.2d 1274, 1275 (1993).

¶ 16. █ The court provided ample notice to Engelberth that it intended to dismiss its third-party claims as moot, and gave Engelberth the opportunity to object to the dismissal. To the extent that Engelberth was uncertain about the nature of the dismissal, the grounds on which it rested, or whether the dismissal was with or without prejudice, it had over three months to voice these concerns. It did not do so. Under these circumstances, the court acted well within its discretion in dismissing the third-party claims with prejudice in August 2013. Engelberth did not "act[] swiftly to preserve its rights" by filing a motion to amend *after* the court issued its dismissal order, raising grounds wholly inapplicable to the arguments raised here.

¶ 17. █ █ It was not reasonable for Engelberth to assume the dismissal would be without prejudice, or that the claims were being dismissed under V.R.C.P. 14. See 9 C. Wright & A. Miller, Federal Practice and Procedure § 2373, at 750-51 (3d ed. 2008) ("If the court does not specify that the dismissal is without prejudice, and it comes within the terms of the final sentence of Rule 41(b), the dismissal will be with prejudice. This result is reached both when the [trial] court expressly provides that dismissal was with prejudice and when it is silent on the matter." (footnote omitted)). Certainly, Rule 14 does not provide the "only" basis for dismissal as Engelberth contends. Rule 14 addresses third-party practice, and it states in relevant part:

> **(c) Orders for Protection of Parties and Prevention of Delay.** The court may make such orders as will prevent a party from being embarrassed or put to undue expense, or will prevent delay of the trial or other proceedings, by the assertion of a third-party claim, and may dismiss the third-party claim, order separate trials, or make other orders to prevent delay or prejudice. Unless otherwise specified in the order, a dismissal under this rule is without prejudice.

It is evident that the court did not dismiss the third-party claims under this rule to prevent delay or prejudice. No reasonable person could conclude otherwise.

¶ 18. ■ ■ Instead, the court dismissed the claims under Rule 41(b)(3) based on its summary judgment ruling in favor of Engelberth and its conclusion that the third-party claims were consequently moot. While it is true, as Engelberth asserts, that Rule 41(b) authorizes the court to dismiss a case where a party has failed to prosecute it, it is equally obvious that the court's power to dismiss is not limited to such cases. Indeed, Rule 41(b)(3) expressly provides that:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and *any dismissal not provided for in this rule*, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

(emphasis added); see also 9 C. Wright & A. Miller, Federal Practice and Procedure § 2373, at 748-49 (recognizing, as set forth in plain language of similar federal rule, that "[t]he provision pertaining to dismissals with prejudice applies to any dismissal granted under the authority of Rule 41(b) and, with specified exceptions, it also applies to 'any dismissal not provided for in this rule' "). Thus, as the trial court explained, absent a contrary indication in the August 2013 order, the dismissal here operated as an adjudication upon the merits. We do not address Engelberth's assertion, raised for the first time on appeal, that a dismissal on mootness grounds is not an adjudication on the merits under Rule 41. See *Bull v. Pinkham Eng'g Assocs.*, 170 Vt. 450, 459, 752 A.2d 26, 33 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal.").

¶ 19. Implicitly recognizing that the August 2013 dismissal was an adjudication on the merits, Engelberth sought to amend the dismissal order to be "without prejudice," not for any of the reasons it now advances on appeal, but rather because it feared that, if Stratton prevailed in its appeal, it would have to refile its third-party claims. Certainly, this motion too was belated in that Engelberth knew of Stratton's June 2013 appeal before the court dismissed its third-party claims in August. In any event, as the

trial court explained, the basis for the motion to amend no longer obtained as Stratton withdrew its appeal.

¶ 20. ■ ■ Given the absence of any appeal or any other modification of the underlying decision, it is the law of the case that Engelberth has no liability to Stratton, and thus, Engelberth has no basis upon which to assert any third-party claims. See *Riblet Tramway Co.*, 159 Vt. at 506, 621 A.2d at 1275 (explaining that "[j]oinder of all interested parties under Rule 14 binds each to the resulting judgments in the matter"); see also *Coty v Ramsey Assocs.*, 154 Vt. 168, 171, 573 A.2d 694, 696 (1990) (explaining that law-of-the-case doctrine holds that "a decision in a case . . . of last resort is the law of that case on the points presented throughout all the subsequent proceedings therein, and no question then necessarily involved and decided will be reconsidered by the Court in the same case on a state of facts not different in legal effect" (quotation omitted)). Engelberth raised no timely objection to the dismissal of its claims. It chose to settle Stratton's appeal without altering the law of the case and it is bound by the result. See *id.* (explaining that law-of-the-case doctrine prevents mischievous results because if all "questions are to be regarded as still open for discussion and revision in the same cause, there would be no end to the litigation until the ability of the parties or the ingenuity of their counsel were exhausted" (quotation omitted)). "[H]aving slept on its rights," we will not now do for Engelberth "what by orderly procedure it could have done for itself." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950). We find no basis to disturb the trial court's decision.

*Affirmed.*