2015 VT 75








Stratton Corp. and Intrawest Stratton Development Corp. v. Engelberth
Construction, Inc. v. Morgan’s Roofing and Construction, et al. (2014-239)

 

2015 VT 75

 

[Filed 29-May-2015]

 

NOTICE:  This opinion is subject
to motions for reargument under V.R.A.P. 40 as well as formal revision before
publication in the Vermont Reports.  Readers are requested to notify the
Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by mail at: Vermont
Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors
in order that corrections may be made before this opinion goes to press.

 

 


 
 
 2015 VT 75
 
 


 


 
 
 No. 2014-239
 
 


 


 
 
 The Stratton Corporation and
 Intrawest 
 Stratton Development Corporation
 
 
 Supreme Court
 
 
 
 
  
 
 
 On Appeal from
 
 
 
 
      v.
 
 
 Superior Court, Windham Unit,
 
 
 
 
  
 
 
 Civil Division
 
 
 
 
 Engelberth Construction, Inc.
 
 
  
 
 
 
 
  
 
 
 January Term, 2015
 
 
 
 
      v.
  
 Morgan’s Roofing and Construction, et al.
  
 
 
  
 
 
 
 
 Karen
 R. Carroll, J. (Motion for Summary Judgment); John P. Wesley, J. (Final
 Judgment)
 
 
 
 
  
 
 


Shapleigh Smith, Jr., and Wm. Andrew MacIllwaine of Dinse,
Knapp & McAndrew, P.C.,

  Burlington, for Third-Party Plaintiff-Appellant Engelberth
Construction, Inc.

 

Kaveh S. Shahi of Cleary Shahi & Aicher, P.C., Rutland,
for Third-Party Defendant/Appellee

  Orwell Construction Company.

 

John Paul Faignant of Miller Faignant & Fabian, P.C.,
Rutland, for Third-Party Defendants-

  Appellees Morgan’s Roofing & Construction and S.D.
Ireland Concrete Construction.

 

Richard Windish and Susan J. Manley of Hayes & Windish,
Woodstock, for Third-Party

  Defendant/Appellee NBJ Construction, Inc., and Hans G.
Huessy of Murphy Sullivan Kronk, 

  Burlington, for Third-Party Defendant Appellee Leggett
& Son Contracting.

 

 

PRESENT:  Reiber, C.J., Skoglund, J., and Johnson and Morse
JJ. (Ret.), and 

                     Morris, Supr. J. (Ret.), Specially
Assigned

 

 

¶ 1.            
SKOGLUND, J.   This appeal stems from a condominium construction project
in Stratton, Vermont.  Owner and developer The Stratton Corporation and
Intrawest Stratton Development Corporation (collectively “Stratton”) sued Engelberth
Construction, Inc., the project’s general contractor, seeking to recover for alleged
construction defects and faulty workmanship that resulted in water damage to
the project.  Engelberth filed third-party complaints for indemnification
against its subcontractors.  The trial court granted summary judgment to
Engelberth on Stratton’s claims, finding the claims barred by the statute of
limitations.  Given its summary judgment ruling, and without objection, the
court dismissed Engelberth’s third-party claims as moot.  Engelberth later
sought to amend the dismissal order to provide that the third-party claims were
dismissed without prejudice.  The court denied its request, and Engelberth
appeals.  We affirm.  

¶ 2.            
The record indicates the following.  In March 1998, Stratton hired
Engelberth as its general contractor to build a 143-unit condominium complex. 
The parties entered into a standard agreement with modified general conditions. 
Stratton also hired architects to design the project and a construction
engineering firm to consult on the waterproofing details.  Construction began
in 1998, and was substantially completed in 2000.  The complex began showing
signs of water leakage as early as November 1998, and leakage problems
persisted throughout the remainder of the construction.  In 2007, Stratton
settled a water-damage claim brought by the condominium association for
approximately $7 million.

¶ 3.            
As noted, in June 2007, Stratton sued Engelberth for negligence, breach
of contract, and breach of warranty based on construction defects and faulty
workmanship.  Engelberth raised the statute-of-limitations as an affirmative
defense.  Engelberth also filed third-party complaints against its subcontractors,
seeking indemnification to the extent that any liability for damages to
Stratton was imposed on Engelberth.  

¶ 4.            
In December 2012, Engelberth moved for summary judgment against Stratton
on statute-of-limitations grounds.  The court granted its motion on May 15,
2013, finding as a matter of law that Stratton had been placed on notice
sufficient to warrant further inquiry as to its injuries and their cause more
than six years before filing suit against Engelberth.  One week later, the
court issued an entry order stating: “The Court has granted defendant
Engelberth’s motion for summary judgment on plaintiff Stratton’s claims against
it.  The Court believes that this makes all third-party claims moot.  These
claims will be dismissed by the Court on June 1, 2013 unless any party files an
opposition to this entry order.”  No party filed any opposition, and in August
2013, the court dismissed Engelberth’s third-party claims.

¶ 5.            
Meanwhile, in June 2013, Stratton appealed the trial court’s summary judgment
decision.  In light of Stratton’s appeal, Engelberth moved in September 2013 to
amend the trial court’s third-party dismissal order to state that the dismissal
was “without prejudice” and conditioned on the Vermont Supreme Court affirming the
trial court’s summary judgment ruling.  Engelberth argued that although its
claims against the third-party defendants currently appeared moot, if the
Supreme Court reversed or remanded the summary judgment decision, it would need
to re-file its third-party claims and it could do that only if the dismissal was
“without prejudice.” 

¶ 6.            
At the request of Stratton and Engelberth, the trial court stayed all
pending matters until mid-February 2014 in light of settlement discussions.  On
February 12, 2014, Engelberth moved for a hearing on its motion to amend. 
Several days later, Engelberth filed notice that it had reached an accord and
satisfaction with Stratton as to all claims asserted in this matter pursuant to
a settlement agreement and mutual release.*  The trial court consequently
issued an entry order on February 24, 2014 dismissing all claims of whatever
sort asserted by any party in this matter.  

¶ 7.            
In early March 2014, Engelberth moved to clarify the February 24, 2014 dismissal
order.  It asserted that its third-party claims had never been adjudicated and
again asked the court to confirm that its dismissal of these claims was
“without prejudice.”  Engelberth stated that its third-party claims were based
on express indemnity provisions in the subcontract agreements of the third-party
defendants, which created claims separate from those asserted by Stratton in
the original complaint.  In other words, according to Engelberth, the
third-party claims were not strictly contingent upon the outcome of Stratton’s
original claims.  Instead, they were contingent upon a loss or injury to
Engelberth arising out of the project work.  Engelberth maintained that its
recent settlement with Stratton constituted a cognizable loss for which the
third-party defendants were contractually responsible.  The third-party
defendants opposed Engelberth’s request.  

¶ 8.            
The trial court denied Engelberth’s request in a June 2014 entry order. 
It explained that under Vermont Rule of Civil Procedure 41(b)(3), a dismissal
generally operated as an adjudication on the merits unless specified
otherwise.  Because the court’s August 2013 dismissal order did not specify
otherwise, the dismissal was an adjudication on the merits that concluded the
third-party claims.  The court found its conclusion consistent with the events
that led to the August 2013 dismissal order.  As recounted above, in May 2013, the
court had indicated its intent to dismiss the third-party claims unless any
party opposed such dismissal.  Engelberth did not file any opposition at that
time, leading the court to dismiss the third-party claims.  It was only after
the issuance of this order that Engelberth, by its September 3, 2013 motion,
sought an amendment characterizing the dismissal as without prejudice.  

¶ 9.            
Engelberth now argued that the third-party claims were sufficiently
independent to have been unaffected by the resolution of the claim in chief. 
It cited Investment Properties, Inc. v. Lyttle, 169 Vt. 487, 493, 739
A.2d 1222, 1227 (1999), for the proposition that an express indemnity claim is
a new and independent claim not strictly contingent on a plaintiff’s original
claims.  The third-party defendants argued that the third-party complaint was a
contingent liability, relevant only if Stratton secured a judgment against Engelberth
in the primary claim.

¶ 10.        
The court found it unnecessary to assess whether the third-party claims
might have been brought independently because Engelberth had chosen to assert
the third-party claims in the instant action, Engelberth was on notice that the
claims would be subject to dismissal as moot if there was no objection, and Engelberth
made no timely objection.  Additionally, the court found that the basis for Engelberth’s
motion to amend—a pending appeal that might have affected Engelberth’s rights—no
longer obtained.  The appeal had been laid to rest, and under the law of the
case, Engelberth’s predicate liability for its indemnity claims was foreclosed
by the statute of limitations.  As the determination that Engelberth had no
liability indisputably left Engelberth with no basis to assert claims against
third parties, the dismissal of those claims with prejudice was also the law of
the case.  

¶ 11.        
Engelberth argued that this principle should not apply because the dismissal
was not affirmed by the Supreme Court, but instead was effectively denied because
Engelberth paid a settlement and thus incurred damages.  The court rejected
this characterization.  It found that Engelberth elected to settle the case-in-chief,
rather than seek a determination affirming the lower court ruling that had been
entirely in its favor.  That election did not entitle Engelberth to a revival
of the third-party claims that had been previously concluded by the trial court
judgment.  

¶ 12.        
Finally, the court found that Engelberth now provided a previously unstated
basis for its claim, asserting that it was entitled to recover defense costs
under the indemnity clauses in the subcontracts.  As previously explained, however,
Engelberth chose to bring its claims as third-party actions, it failed to
object to the dismissal of that action despite an invitation from the court to
do so, it chose to settle the appeal without altering the law of the case, and it
was bound by the result.  For these reasons, the court denied Engelberth’s
motion to amend and its motion to clarify.  This appeal followed.

¶ 13.        
Engelberth argues on appeal that there were no grounds to dismiss its
third-party claims with prejudice.  According to Engelberth, V.R.C.P. 14
provided the only proper basis for dismissal and such dismissal was
presumptively without prejudice.  Engelberth asserts that V.R.C.P. 41 does not
apply, but if it did, a dismissal as “moot” is a dismissal for lack of
jurisdiction, and thus, it is not an adjudication on the merits under Rule
41(b)(3).  Engelberth also argues that it did not waive its rights by failing
to oppose dismissal in first instance.  It points to the motion to amend that
it filed in light of Stratton’s appeal.  Additionally, Engelberth states that
it had no reason to suspect that the dismissal was with prejudice, and
therefore it had no reason to object.  Finally, Engelberth asserts that it has
“independent” viable claims that it should be able to bring against the third-party
defendants.  

¶ 14.        
We review the court’s ruling for abuse of discretion, Alden v. Alden,
2010 VT 3, ¶ 7, 187 Vt. 591, 992 A.2d 298 (mem.), and we find no
abuse of discretion here.  The court acted fairly and reasonably in denying
Engelberth’s belated motions to amend and clarify.  

¶ 15.        
First, it is clear that Engelberth’s claims were derivative of Stratton’s
claims against Engelberth.  Even if Engelberth might have brought an
independent claim against the third-party defendants, it did not do so.  In its
third-party complaints, Engelberth sought indemnification from the
subcontractors “[t]o the extent any liability for damages to [Stratton] is
imposed on Engelberth.”  The trial court determined that Engelberth had no
liability to Stratton because all of Stratton’s claims were barred by the
statute of limitations.  At that point, the court reasonably concluded that
Engelberth’s third-party claims were moot and should be dismissed.  As we have
stated, “[i]f the third-party plaintiff prevails against the principal
plaintiff and incurs no liability, the third-party defendant in turn incurs no
liability to the third-party plaintiff.”  Riblet Tramway Co. v. Marathon
Elecs.-Avtek Drive Div., 159 Vt. 503, 506, 621 A.2d 1274, 1275 (1993).  

¶ 16.        
The court provided ample notice to Engelberth that it intended to
dismiss its third-party claims as moot, and gave Engelberth the opportunity to
object to the dismissal.  To the extent that Engelberth was uncertain about the
nature of the dismissal, the grounds on which it rested, or whether the
dismissal was with or without prejudice, it had over three months to voice
these concerns.  It did not do so.  Under these circumstances, the court acted
well within its discretion in dismissing the third-party claims with prejudice
in August 2013.  Engelberth did not “act[] swiftly to preserve its rights” by
filing a motion to amend after the court issued its dismissal order,
raising grounds wholly inapplicable to the arguments raised here.  

¶ 17.        
It was not reasonable for Engelberth to assume the dismissal would be
without prejudice, or that the claims were being dismissed under V.R.C.P. 14.  See
9 C. Wright & A. Miller, Federal Practice and Procedure, § 2373, at 750-51
(3d ed. 2008) (“If the court does not specify that the dismissal is without
prejudice, and it comes within the terms of the final sentence of Rule 41(b),
the dismissal will be with prejudice.  This result is reached both when the
[trial] court expressly provides that dismissal was with prejudice and when it
is silent on the matter.” (footnote omitted)).  Certainly, Rule 14 does not provide
the “only” basis for dismissal as Engelberth contends.  Rule 14 addresses
third-party practice, and it states in relevant part:

 
(c) Orders for Protection of Parties and Prevention of Delay.  The court
may make such orders as will prevent a party from being embarrassed or put to
undue expense, or will prevent delay of the trial or other proceedings, by the
assertion of a third-party claim, and may dismiss the third-party claim, order
separate trials, or make other orders to prevent delay or prejudice.  Unless
otherwise specified in the order, a dismissal under this rule is without
prejudice.  

 

It is evident that the court did
not dismiss the third-party claims under this rule to prevent delay or
prejudice.  No reasonable person could conclude otherwise.  

¶ 18.        
Instead, the court dismissed the claims under Rule 41(b)(3) based on its
summary judgment ruling in favor of Engelberth and its conclusion that the
third-party claims were consequently moot.  While it is true, as Engelberth
asserts, that Rule 41(b) authorizes the court to dismiss a case where a party
has failed to prosecute it, it is equally obvious that the court’s power to
dismiss is not limited to such cases.  Indeed, Rule 41(b)(3) expressly provides
that: 

Unless
the court in its order for dismissal otherwise specifies, a dismissal under this
subdivision (b) and any dismissal not provided for in this rule, other
than a dismissal for lack of jurisdiction, for improper venue, or for failure
to join a party under Rule 19, operates as an adjudication upon the merits.   

 

(emphasis
added); see also 9 C. Wright & A. Miller, Federal Practice and Procedure, §
2373, at 748-49 (recognizing, as set forth in plain language of similar federal
rule, that “[t]he provision pertaining to dismissals with prejudice applies to
any dismissal granted under the authority of Rule 41(b) and, with specified
exceptions, it also applies to ‘any dismissal not provided for in this rule’
”).  Thus, as the trial court explained, absent a contrary indication in the
August 2013 order, the dismissal here operated as an adjudication upon the
merits.  We do not address Engelberth’s assertion, raised for the first time on
appeal, that a dismissal on mootness grounds is not an adjudication on the
merits under Rule 41.  See Bull v. Pinkham Eng’g Assocs., 170 Vt. 450,
459, 752 A.2d 26, 33 (2000) (“Contentions not raised or fairly presented to the
trial court are not preserved for appeal.”).

¶ 19.        
Implicitly recognizing that the August 2013 dismissal was an
adjudication on the merits, Engelberth sought to amend the dismissal order to
be “without prejudice,” not for any of the reasons it now advances on appeal,
but rather because it feared that, if Stratton prevailed in its appeal, it
would have to refile its third-party claims.  Certainly, this motion too was
belated in that Engelberth knew of Stratton’s June 2013 appeal before the court
dismissed its third-party claims in August.  In any event, as the trial court
explained, the basis for the motion to amend no longer obtained as Stratton
withdrew its appeal.  

¶ 20.        
Given the absence of any appeal or any other modification of the
underlying decision, it is the law of the case that Engelberth has no liability
to Stratton, and thus, Engelberth has no basis upon which to assert any
third-party claims.  See Riblet Tramway Co., 159 Vt. at 506, 621 A.2d at
1275  (explaining that “[j]oinder of all interested parties under Rule 14 binds
each to the resulting judgments in the matter”); see also Coty v. Ramsey
Assoc., Inc., 154 Vt. 168, 171, 573 A.2d 694, 696 (1990) (explaining that
law-of-the-case doctrine holds that “a decision in a case . . . of last resort
is the law of that case on the points presented throughout all the subsequent
proceedings therein, and no question then necessarily involved and decided will
be reconsidered by the Court in the same case on a state of facts not different
in legal effect” (quotation omitted)).  Engelberth raised no timely
objection to the dismissal of its claims.  It chose to settle Stratton’s appeal
without altering the law of the case and it is bound by the result.  See id.
(explaining that law-of-the-case doctrine prevents mischievous results because
if all “questions are to be regarded as still open for discussion and revision
in the same cause, there would be no end to the litigation until the ability of
the parties or the ingenuity of their counsel were exhausted” (quotation
omitted)).  “[H]aving slept on its rights,” we will not now do for Engelberth “what
by orderly procedure it could have done for itself.”  U.S. v. Munsingwear,
Inc., 340 U.S. 36, 41 (1950).  We find no basis to disturb the trial
court’s decision.

Affirmed.

 

 


 
 
  
 
 
  
 
 
 FOR THE COURT:
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Associate
 Justice
 
 


 









*  Stratton’s appeal was also dismissed
pursuant to the parties’ stipulation.