VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 23-CV-03829



Heritage Family Federal Credit Union
     Plaintiff

v.

Michael Wellspeak
     Defendant

<u>Decision on Plaintiff's Motion to Vacate Dismissal</u>
<u>Decision on Plaintiff's Motion for Default Judgment</u>

In April 2017, plaintiff Heritage Family Credit Union loaned money to defendant Michael Wellspeak. At some point thereafter, defendant defaulted on his repayment obligations. In September 2023, plaintiff filed a complaint for breach of contract, and the complaint was served upon defendant along with a summons on October 20, 2023. Defendant thereafter failed to answer, and made no other appearance in the case.

Generally, when this happens, plaintiffs are expected to file a motion for default judgment "within 60 days of the last date to answer." Vt. R. Civ. P. 41(b)(1)(i). If a plaintiff fails to do this, the court construes the failure as an indication that the plaintiff no longer wishes to pursue the action, perhaps because some out-of-court resolution was reached. 9 Wright & Miller, Federal Practice and Procedure: Civil 4th § 2369. A court therefore provides "reasonable notice" to the plaintiff that the case will be dismissed if the plaintiff does not file a motion for default judgment or request an extension of time. If the plaintiff does not respond to the notice, the court takes it as confirmation that the plaintiff no longer wishes to pursue the action, and dismisses the case. Vt. R. Civ. P. 41(b)(1); see also Vt. R. Civ. P. 41, Reporter's Notes—2019 Amendment (explaining that the purpose of the procedure is to clear the docket of "stale actions"). A dismissal pursuant to this procedure is typically viewed "as an adjudication upon the merits." Vt. R. Civ. P. 41(b)(3); *Deutsche Bank v. Pinette*, 2016 VT 71, ¶ 18, 202 Vt. 328.

In this case, defendant's answer was due by November 10, 2023, and a motion for default judgment was due by January 9, 2024. On January 18, 2024, the court sent a notice to plaintiff indicating that the court intended to dismiss the case in 30 days if plaintiff had not by then filed a motion for default judgment. Plaintiff did not file such a motion by that time, and the court dismissed the complaint "with prejudice" on February 22, 2024. In other words, the dismissal in this case was 44 days later than it could have been under the rule.

Some 230 days later, on October 9, 2024—which was 334 days after defendant's answer was due—plaintiff filed a motion for default judgment, together with a motion for relief from the prior order of dismissal. Plaintiff argued that relief from the prior order of dismissal was appropriate because the prior order had been based upon the "mistake, inadvertence, surprise, or excusable neglect" of counsel. Vt. R. Civ. P. 60(b)(1). Plaintiff explained that, between June 2023 and June 2024, the law firm of Leopold & Associates, PLLC, had been engaged in restructuring following the acquisition of the former law firm of Mayer & Mayer, and there had been difficulties during the transition. Plaintiff argued that it would be fair for this reason to vacate the prior order of dismissal, and to enter a default judgment against defendant. In the alternative, plaintiff requested that the prior order of dismissal be amended to a dismissal "without prejudice."

As a starting point, there are many cases that explain that (1) the time limitations set forth in the rules must have some meaning, and that it is unworkable for every missed deadline to represent an opportunity to litigate "the equities of enforcing the time bar," e.g., *LaFrance Architect v. Point Five Development South Burlington, LLC*, 2013 VT 115, ¶ 10, 195 Vt. 543 (internal quotation omitted), and (2) the "excusable neglect" standard will "rarely if ever" be met in cases where the reason for delay is based on "factors totally within the control of the moving party or the moving party's attorney." *In re Lund*, 2004 VT 55, ¶¶ 5–6, 177 Vt. 465 (mem.); *In re Town of Killington*, 2003 VT 87A, ¶ 17, 176 Vt. 60. Application of these precedents would suggest that plaintiff's present motion does not set forth a persuasive ground for relief from the prior order of dismissal.

A different understanding of "mistake" and "excusable neglect" is used in the context of reviewing dismissals for lack of prosecution, however, and there is somewhat more tolerance for explanations that are "not compelling" under the standards applicable in other situations. *Yi Jing v. Heide*, 2013 VT 81, ¶ 14, 194 Vt. 546. Even when the dismissal for lack of prosecution is attributable to something entirely internal to an attorney's office—such as failing to calendar appropriate dates and deadlines—a court might find reason to set aside a prior dismissal under Rule 41(b) if the plaintiff has sought to remedy the situation quickly and the defendant would not suffer significant prejudice through reinstatement of the plaintiff's claim. *Id*.

In this particular case, plaintiff did not seek to remedy the situation quickly. Even if the court were to take at face value the representation that plaintiff's counsel's law firm was in disarray for an entire calendar year, the situation is said to have resolved by June 2024—and so this does not explain why plaintiff took another three months to file a motion for default judgment and seek relief from the prior order of dismissal. The passage of time between June 2024 and October 2024 alone exceeded the amount of time that a plaintiff is usually afforded to seek default judgment following a defendant's failure to answer.

Additionally, it is not obvious whether the defendant would suffer any significant prejudice through reinstatement of plaintiff's claim. Defendant has not responded to the motion for relief from judgment, but the motion was sent by mail to defendant, and defendant never previously appeared in the action (and therefore never provided a mailing address upon which the court and plaintiff were entitled to rely). Part of the reason for moving quickly on motions for default judgment is that the due process values of notice and an opportunity to be heard are tethered to personal service of the complaint and summons. As the passage of time increases between such service and court action, and as the procedural posture of the case becomes more complex, the due-process values of the original service dissipate, and it becomes harder to infer that the defendant has notice of the proposed action to

be taken. Here, defendant had notice that a default judgment might be entered within about ninety days of the original failure to answer, but it is less clear whether defendant has notice of the pending motions. Nor is it clear whether defendant has relied in some way in the meantime upon the intervening dismissal of the case. These considerations weigh strongly against the proposed action of vacating the prior dismissal of the case and instead either proceeding to merits or entering a default judgment against defendant.

Yet there is a deeper question about the rationale of dismissing the complaint "with prejudice" in the first instance. As explained above, the premise of Rule 41(b) is that the plaintiff's lack of attention serves as a proxy for the conclusion that the debt has been resolved in some way, and so dismissals under the rule are typically "with prejudice" unless the court "otherwise specifies" in the order of dismissal. Vt. R. Civ. P. 41(b)(3). In this case, however, plaintiff has made clear that the presumed fact is not true: the debt has not been resolved, and plaintiff still wishes to pursue collection. Moreover, the effect of the sanction is to permanently foreclose plaintiff's right of recovery for breach of contract, even though the sanction results from the failures of plaintiff's attorney. See *Ball v. City of Chicago*, 2 F.3d 752, 759–60 (7th Cir. 1993) (explaining factors that a court should consider when deciding what sanctions should be imposed under Rule 41(b)). It is still the case that the defendant has experienced a certain degree of stress and hardship as a result of being served with the underlying process, which is another factor that tends to support the issuance of prejudicial orders under Rule 41(b)(3). But the balance of the factors described in this paragraph—in particular the effects of the court's action upon plaintiff, as opposed to plaintiff's attorney, in a case where plaintiff is present and seeking to preserve their claim—tend to suggest that a better approach to the underlying dismissal would have been to dismiss the case "without prejudice." See 9 Wright & Miller, Federal Practice and Procedure: Civil 4th § 2369 (explaining broadly that the federal approach to dismissals under Rule 41(b) is that "except in extreme circumstances, a court should first resort to the wide range of lesser sanctions—including dismissal without prejudice—that it could impose upon a litigant or the litigant's attorney, or both, before ordering a dismissal with prejudice").

For the reasons described in the preceding paragraph, the court will partially grant the motion for relief from judgment, and clarify that the prior dismissal of the case is "without prejudice." However, for the reasons also discussed earlier in this opinion, the court leaves open the possibility that defendant might, in some future action, present persuasive reasons as to why the future action should nevertheless be precluded by this litigation. A future court will be better situated to understand whether defendant has been prejudiced by the delays in this case or otherwise detrimentally relied upon the prior dismissal of this complaint with prejudice. A future court will also be better situated to determine whether any future complaint would be barred by the statute of limitations. See *Cenlar FSB v. Malenfant*, 2016 VT 93, ¶ 42, 203 Vt. 23 (explaining, in a different context, that courts should not generally attempt to dictate the future preclusion consequences of their decisions, because future courts will be better situated to know "both what the earlier finding was and how it relates to a later case") (quoting *Alden v. Alden*, 2010 VT 3, ¶ 8, 187 Vt. 591).

**ORDERS**

(1) Plaintiff's Motion to Vacate Dismissal (Motion #1), filed October 9, 2024, is granted in part, and the prior order of dismissal is modified to provide that the above-captioned complaint is dismissed without prejudice; and

(2) Plaintiff's Motion for Default Judgment (Motion #2), filed October 9, 2024, is denied.

Electronically signed on Monday, November 25, 2024 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 11/25/24
Windsor Unit